TOWNSHIP OF WYOMING *v.* HERWEYER.

1. TOWNSHIPS—HOUSE TRAILERS—LICENSED SITES—REPEAL OF ORDINANCE.

Where occupancy of house trailer by defendants on rented premises was unlawful when commenced because they were on land not licensed for such use in township which had enacted ordinances regulating trailer camps and the parking of house trailers, the fact that such ordinances were repealed May 8th and re-enacted July 29th of same year gave no vested right to defendants to continue to occupy their trailer unlawfully, where it does not appear that their status was changed during period ordinances were repealed (Wyoming Township Ordinances Nos. 10, 11).

2. SAME—ZONING—TRAILER CAMP—HOUSE TRAILERS—CONSTRUCTION OF ORDINANCES.

Fact that defendants rented premises in an industrial zone of township wherein zoning ordinance permitted use not in conflict with any State law, did not permit their occupancy of house trailer thereon for period of unlimited duration, where other township ordinances required such occupied trailers to be on licensed trailer sites, as the ordinances should be construed in harmony with one another (Wyoming Township Ordinances Nos. 10, 11; Zoning Ordinance).

3. SAME—ORDINANCES REGULATING TRAILER CAMPS AND HOUSE TRAILERS.

Contention that township ordinances regulating trailer camps and the parking of house trailers prohibited a person from living in a trailer within the township and, therefore, in-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am. Jur., Municipal Corporations, § 309.
[1–5] 58 Am. Jur., Zoning, § 63.
[1–5] Establishment, maintenance, and regulation of tourist or trailer camp by public authority. 115 A.L.R. 1398.
[3] 58 Am. Jur., Zoning, § 173.
[4] 58 Am. Jur., Zoning, § 171.

valid, was not tenable where ordinance, enacted under statutory authority, merely regulated occupancy by requiring occupied trailer to be located on a site licensed for that purpose with provision for short-term parking outside of licensed sites (Act No. 184, Pub. Acts 1943; Wyoming Township Ordinances Nos. 10, 11).

4. Same—Ordinances Regulating Trailer Camps and House Trailers—Enforcement.

Enforcement of township ordinances regulating trailer camps and the parking of house trailers so as to require defendants to move house trailer from unlicensed premises was not arbitrary, capricious, unreasonable or discriminatory where there was space available in licensed camp sites within the township (Wyoming Township Ordinances Nos. 10, 11).

5. Same—House Trailers—Portable Addition—Building Code.

Where defendants are not permitted to continue to occupy their house trailer on an unlicensed site within the township, it is unnecessary to determine whether or not they violated township building code by constructing a small portable addition to their trailer without first obtaining a permit so to do (Wyoming Township Ordinances Nos. 10, 11).

Appeal from Kent; Brown (William B.), J. Submitted April 9, 1948. (Docket No. 61, Calendar No. 44,062.) Decided June 14, 1948.

Bill by Township of Wyoming against William Herweyer and wife for injunction restraining defendants from continuing to occupy their trailer on property not licensed as trailer camp. Decree for plaintiff. Defendants appeal. Affirmed.

*Verdier & Verdier,* for plaintiff.

*Clem H. Block,* for defendants.

North, J. In this suit, commenced December 1, 1947, by the township of Wyoming, the relief sought is that the defendants be restrained from continuing to occupy their trailer on private property not licensed as a trailer camp, and to have the township

zoning ordinance and building code decreed valid. The decree entered in the circuit court provided:

"It is ordered, adjudged and decreed that plaintiff township be and is hereby permitted to enforce ordinances Nos. 10 and 11 and the Wyoming township zoning ordinance and building code as against defendants and any other persons in violation thereof, in accordance with and pursuant to the provisions of said ordinances."

Ordinance 10 provides for licensing and regulating trailer camps, and ordinance 11 provides for regulating parking of house trailers. In the summer of 1946 the defendants and their minor child moved their house trailer into Wyoming township and located on a rented portion of a three-and-one-half acre parcel of land owned by a third party. Defendants and their young son have continued to occupy the house trailer from the summer of 1946 to the present time. Its location is in an area as to which the zoning ordinance provides:

"Industrial district—In the industrial district buildings and premises may be used for any purpose whatsoever not in conflict with any State law."

It is not contended that defendants' occupancy conflicts in any way with a State law. However, at the time the defendants placed their trailer in its present location there was in force in Wyoming township an ordinance of which section 2 provided:

"No occupied house trailer shall be parked on any site, lot, field or tract of land within the township of Wyoming not specifically licensed for the purpose; except that, nothing herein contained shall prohibit the parking without charge therefor, of not more than one occupied house trailer on the premises of any occupied dwelling, provided that the operator of such house trailer, within one week after his arrival, shall make application to the health officer

for a permit, which permit, if granted, shall limit the time of such parking to a period not longer than three weeks from the date of application therefor." Ordinance 11, § 2.

From the foregoing it is evident that the occupancy of its present site by defendants' trailer was unlawful in its inception. However it appears that the township board did not attempt to enforce their ordinance provision because of housing conditions, shortage of building materials, and, until more recently, adequate accommodations were not available in trailer camps in the township.

The above quoted section 2 of the trailer ordinance remained in force until May 8, 1947, on which date new ordinances were adopted designated as the "Wyoming Township Zoning Ordinance and Building Code." The latter ordinances repealed the trailer ordinance provision above quoted; but on July 29, 1947, the trailer ordinance provision was re-enacted. In August, 1947, Mr. Herweyer applied for and obtained a permit to have his trailer occupancy continued for 30 days, but after the expiration of the 30 days defendants still continued occupying their trailer as before. The bill of complaint alleges and defendants' answer admits the following:

"That plaintiff on September 22, 1947 notified defendants and others that they must move their trailers on or before October 1, 1947. * * *

"That as of October 1, 1947, there were accommodations available in the various trailer camps located in Wyoming township for at least 50 more families."

Further the testimony disclosed that at the time of the trial there was available space in trailer camps in the township.

Appellants' first contention is that they have "a vested right to remain on their rented premises."

They urge that such right is accorded them, their location being in an industrial district, under the zoning ordinance which, when they located on their present site, provided:

"Industrial district—In the industrial district buildings and premises may be used for any purpose whatsoever not in conflict with any State law."

Their contention in this respect is not tenable because an ordinance provision then in force which should be construed in harmony with that just quoted and which was specifically applicable to trailers, provided: "No occupied house trailer shall be parked on any site, lot, field or tract of land within the township of Wyoming not specifically licensed for the purpose," with provision for temporary permits hereinafter noted. The mere fact that while defendants thus occupied their present site in violation of the then-existing trailer ordinance, which was quite obviously inadvertently repealed May 8, 1947, but re-enacted July 29, 1947, is not a sound reason in support of defendants' contention that in this short interim their theretofore unlawful occupancy ripened into a "vested right" to continue such occupancy. During that short period defendants neither lost nor gained any rights. No circumstance is disclosed by which their status was changed. The cases cited in support of defendants' foregoing contention have such different factual backgrounds as render them inapplicable to the instant case.

We are not in accord with defendants' contention stated as follows:

"A township ordinance that prohibits a person from living in a trailer within the township is invalid. * * *

"The ordinance is arbitrary, capricious, unreasonable, and discriminatory in that it prohibits defend-

ants-appellants from occupying their own trailers on leased premises."

The ordinance does not "prohibit a person from living in a trailer within the township." Instead it regulates such occupancy by requiring the occupied trailer to be located on a site "licensed for that purpose," with provision for obtaining a permit to park a trailer outside of a licensed parking site not to exceed three weeks. Townships have statutory authority for enacting such ordinance regulations. See Act No. 184, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 2651-71 *et seq.*, Stat. Ann. 1947 Cum. Supp. § 5.2963[1] *et seq.*). And, as above noted, at the time the township notified defendants to move and also at the time of the trial, there was ample opportunity for defendants to locate their trailer on a licensed site within the township. Further in passing upon like ordinances we have held them valid as against objections of the type herein urged by defendants; and we have also held municipal zoning ordinances, which are much akin to the phase of the law now under consideration, to be valid over objections of the same general character as herein relied upon by defendants. We deem it unnecessary to again detail the reasons in support of such holdings. They may be found in the following cases: *Cady* v. *City of Detroit*, 289 Mich. 499; *Loose* v. *City of Battle Creek*, 309 Mich. 1; *Austin* v. *Older*, 283 Mich. 667; and *Portage Township* v. *Full Salvation Union*, 318 Mich. 693.

In view of our conclusion herein it is unnecessary that consideration be given to the township's contention that defendants have violated the township building code by constructing a small portable addition to their house trailer without first obtaining a permit so to do.

The decree entered in the circuit court is affirmed, with costs of this Court to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.