### COMER *v*. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—ZONING—INDUSTRIAL AREA—MOTELS.
   City zoning ordinance provision including plaintiff's property in an area zoned for industrial use and thereby excluding its use for residential purposes or for a motel which plaintiff desired to construct *held*, invalid, where there are residences in the area, several business places and very few industrial enterprises and record does not justify the inference that the neighborhood is likely to become industrial rather than be devoted to its present uses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning §§ 141, 142.
[2]  58 Am Jur, Zoning §§ 18, 26.
[3]  58 Am Jur, Zoning §§ 21, 22.
[4]  9 Am Jur, Buildings § 3 *et seq.*
[5]  58 Am Jur, Zoning § 217.

2. SAME—ZONING—POLICE POWER.

Zoning regulations constitute a valid exercise of the police power only when they have a rational relation to the public health, safety, welfare and prosperity of the community and are not such an unreasonable exercise of the police power as to become arbitrary, destructive or confiscatory and they are to be tested in the light of existing conditions.

3. SAME—ZONING—INDUSTRIAL AREA—MOTELS.

Application of city zoning ordinance to plaintiff's 120' x 134' corner lot so as to prevent him from constructing an 11-unit motel thereon because the area was zoned for industrial use *held,* unreasonable, where it may not be said that the construction of the motel would have any tendency to affect injuriously the health, safety, or welfare of the occupants of the motel, residents in the vicinity, or the public generally and the guests therein will not be subjected to possible ill effects or annoyances resulting from industrial enterprises in the neighborhood.

4. BUILDINGS—FLOOR AREA—MULTIPLE DWELLINGS—MOTELS.

Provision of city building code which required a minimum of 650 square feet of floor area of each unit in a multiple dwelling *held,* unreasonable as applied to proposed motel, in view of purpose for which they are constructed and operated.

5. MANDAMUS—PARTIES—VALIDITY OF ORDINANCES.

It was not necessary for plaintiff, owner of property upon which he sought to erect a motel, to join members of city zoning appeal board in mandamus proceeding to compel issuance of building permit, where the question involved concerned the validity of the city zoning ordinance and the building code and the board and other administrative officers of defendant city are not clothed with authority to determine such question.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted March 29, 1955. (Calendar No. 46,304.) Decided June 6, 1955.

Mandamus by Russel J. Comer against City of Dearborn, a municipal corporation, and Harry Hoxie, Michael J. Boyle and Fred Sampson, certain of its officials, to test validity of zoning ordinance and compel issuance of building permit. Order granting mandamus. Defendants appeal. Affirmed.

*Belding & Belding,* for plaintiff.

*Dale H. Fillmore,* Corporation Counsel, *James D. Irvine* and *James A. Broderick,* Assistants Corporation Counsel, for defendants.

CARR, C. J.   This proceeding involves the validity of certain provisions of the zoning ordinance and of the building code of the city of Dearborn as applied to plaintiff's land.   The property in question is located on the southeast corner of the intersection of Telegraph road, also known as U. S. Trunkline Highway No 24, and Leland court.   It has a frontage of 120 feet on the first highway and 134 feet on the second, and is more particularly described as follows:

"The west 134 feet of lot 11 and the north 40 feet of the west 134 feet of lot 12, Robert M. Grindley Subdivision #4 of Little Farms."

Plaintiff is purchasing the property under an executory land contract.

Desiring to construct a motel on his property, plaintiff made application to the proper officials of defendant city for the purpose of obtaining a certificate of compliance as a preliminary step to securing a building permit.   Accompanying the application were tentative plans and specifications for the construction of a motel, 1 story in height, with 11 rental units and a caretaker's apartment.   Nine of the rooms, intended for tourist accommodation, would, under the plans, be 14 x 23 feet in size.   The plans for the remaining 2 rooms contemplate a somewhat smaller area.

It is conceded that the zoning ordinance of defendant city (Ordinance No 33, as amended) classifies the immediate area in which plaintiff's property is situated as "Industrial A."   Section 701.1 of the

ordinance, in specifying the uses permitted in such a district, contains the following provision:

"No building or structure or part thereof shall be erected, altered, or used, or lands used in whole or in part in an Industrial A district for other than 1 or more of the following specified uses:

"1. Uses, except for dwelling purposes, permitted in a Business A, Business B or Business C district."

Section 10.18 of the city building code (Ordinance No 49-403, as amended) specifies that:

· "The floor area for each dwelling unit in a multiple dwelling building shall be not less than 650 square feet."

In reliance on the ordinance provisions above quoted, defendants denied plaintiff's application. Thereupon he filed in the circuit court of Wayne county a petition for a writ of mandamus, asserting that said provisions, if applied in such manner as to prevent his desired construction and operation of a motel, are invalid on the theory that such application is unreasonable, arbitrary, and operates to deprive him of property rights without due process of law. On the filing of the petition an ·order to show cause issued. Defendants filed their answer, denying the invalidity of the ordinance provisions in question and asserting also that plaintiff should have joined as parties defendant the members of the zoning board of appeals. Apparently, on the insistence of defendants, plaintiff appealed to said board from the refusal of his application, with a result unfavorable to him.

On the hearing of the matter plaintiff testified in support of his petition, and exhibits were offered by the parties. At the request of counsel, the trial judge inspected the area in which plaintiff's property is located. Following the presentation of arguments,

both oral and written, an opinion was filed holding that the above provisions of the ordinances of the city were invalid as to plaintiff's property. A writ of mandamus was accordingly ordered directing the issuance by defendants of a certificate of compliance under the zoning ordinance of the city to permit the plaintiff to make application for a building permit. The writ further provided, in accordance with the order therefor:

"I do further command and firmly enjoin you that if and when the writ directing the issuance of a certificate of compliance becomes *res judicata* in favor of the said Russel J. Comer, he, the said Russel J. Comer, may renew his application for a building permit, by filing formal application with the appropriate agents of the city of Dearborn, and by submitting final plans and specifications for the construction of the proposed building, and, if such plans are not approved by the appropriate agents of the city of Dearborn and said appropriate agents of the city of Dearborn refuse to issue the building permit, the right to determine whether such action by the appropriate agents for the city of Dearborn is in conformity with the law and the provisions of the building code of the city of Dearborn is expressly reserved by the circuit court for the county of Wayne."

From the order entered, defendants have appealed. It is their claim, in substance, that the ordinance provisions on which they relied in rejecting plaintiff's application are not invalid as applied to the land in question, and that plaintiff is not, under the record in the case, entitled to a certificate of compliance.

As before noted, the property in question is classified by defendant city's zoning ordinance as "Industrial A." Obviously it was the intention of the framers of the ordinance, in view of the restrictions

imposed with reference to the purposes for which property so zoned may be used, to exclude any use "for dwelling purposes," and to permit business and industrial uses only. As bearing on the reason-ableness of such restrictions the purposes for which property in the immediate vicinity is now being used require consideration. It appears from the record that in such area there are a number of residences, several business places, and very few industrial enterprises. As the situation now is, the neighborhood may not be regarded as an industrial one: The exhibits in the case clearly support this conclusion.

In view of the existing situation we do not think that the ordinance, if construed as prohibiting the construction of a motel on plaintiff's property, is reasonable. As so applied the restriction is invalid. It may be noted further in this connection that the record before us does not justify an inference or conclusion that new industries will be established in this area in such numbers as to result in its becoming primarily industrial rather than devoted to residential and business purposes as at present. On the contrary, we think the proofs in the case justify a finding that no such change may reasonably be expected.

A somewhat analogous situation was presented in *Corthouts* v. *Town of Newington,* 140 Conn 284 (99 A2d 112, 38 ALR2d 1136). There the ordinance in question prohibited the use of land in an industrial district for residential purposes. In discussing the situation, it was said (pp 287, 288):

"The plaintiff's land is adapted to development for residential use, for which there is a demand. Such use is the highest and best to which it can be put. Unless it can be devoted to residential purposes, in all probability it will remain unused for many years. It is not adapted to industrial use, for which there is not any present demand in Newington and none

is expected.  Although the amendment prohibits the use of land in an industrial district No 2 for residential purposes, the ordinance allows such land to be used for community buildings, hotels, clubhouses, hospitals, churches, schools, playgrounds and businesses generally.  *  *  *

"Zoning regulations constitute a valid exercise of the police power only when they have a 'rational relation to the public health, safety, welfare and prosperity of the community' and are 'not such an unreasonable exercise of [the police] power as to become arbitrary, destructive or confiscatory.' *State v. Hillman,* 110 Conn 92, 100, 105 (147 A 294). Whether a zoning ordinance meets this test must be determined in the light of existing conditions, in order that the purpose for which the police power is invoked may be promoted. *Village of Euclid v. Ambler Realty Co.,* 272 US 365, 387 (47 S Ct 114, 71 L ed 303, 54 ALR 1016).  The ordinance must comply with the requirements of, and serve the purposes stated in, the statute.  General Statutes, § 837; *Fairlawns Cemetery Assn., Inc., v. Zoning Commission of Town of Bethel,* 138 Conn 434, 440 (86 A2d 74).  We are not called upon to decide in this case whether, as a general proposition, a zoning ordinance which prohibits a residential use in an industrial district is valid.  It is easy to conceive a situation where the erection and occupation of dwelling houses on land in an industrial area in close proximity to manufactories using highly inflammable or explosive materials or giving off noxious odors or pernicious gases would have a direct relation to the public health, safety and welfare and justify prohibitory legislation against the use of such land for residential purposes.  But the combination of circumstances in the case at bar does not even simulate such a situation."

In accordance with the conclusion suggested by the language quoted, the ordinance was held invalid as to the plaintiff's property.  It may be noted that

in the case at bar the charter of the city of Dearborn prohibits any use "for dwelling purposes" in an Industrial A zone. Apparently the inhibition imposed was intended to prevent not merely the construction of residences as in the Connecticut case cited but also the use of property for a motel or for a like purpose. In view of the situation disclosed by the record we find that, as applied to the property of the plaintiff, the provision of the ordinance in question is arbitrary, unreasonable, and, therefore, void.

This Court has repeatedly recognized in prior decisions the principles that must be applied in determining a controversy of this nature. In *Hitchman* v. *Township of Oakland*, 329 Mich 331, 335, after referring to the act of the legislature authorizing the adoption of township zoning ordinances, it was said:

"Under the act, arbitrary action or the unreasonable exercise of authority may not be justified. A zoning ordinance must be reasonable in its operation. This is the test of its legality. *City of North Muskegon* v. *Miller*, 249 Mich 52, 57; *Moreland* v. *Armstrong*, 297 Mich 32, 36. Every case of this character must be determined on its own facts."

It is also the settled law of this State that in determining the validity of a local zoning ordinance, as applied to specific property, consideration must be given to the question whether such zoning advances the public health, safety, and general welfare. *Pere Marquette Railway Co.* v. *Muskegon Township Board*, 298 Mich 31; *Senefsky* v. *City of Huntington Woods*, 307 Mich 728 (149 ALR 1433); *Frischkorn Construction Co.* v. *Redford Township Building Inspector*, 315 Mich 556; *Plum Hollow Golf & Country Club* v. *Township of Southfield*, 341 Mich 84. Under the facts in the instant case it may

not be said that the construction of a motel of the type planned by plaintiff would have any tendency to affect injuriously the health, safety, or welfare of occupants of such motel, residents in the vicinity, or the public generally. No claim is made that the construction and operation of plaintiffs' proposed building will have ill effects on others in the community, and it is apparent that guests in the proposed establishment will not be subjected to possible ill effects or annoyances resulting from industrial enterprises in the neighborhood.

Like considerations must prevail in determining the validity of the provision of section 10.18 of the building code with reference to the floor area of each unit in a multiple dwelling. If applied to a room in a motel the provision in terms would require a total floor area of not less than 650 square feet. Bearing in mind the purpose for which motels are constructed and operated, the conclusion cannot be avoided that any such requirement is unreasonable. *Senefsky* v. *City of Huntington Woods, supra.*

Defendants' claim that plaintiff is not entitled to maintain this action without joining the members of the zoning appeal board as parties defendant is without merit, particularly in view of the nature of the order entered by the trial judge and the writ of mandamus issued pursuant thereto. The question involved in this proceeding is, in the final analysis, concerned with the validity of the provisions, above referred to, in the city zoning ordinance and in the building code. However, neither the zoning board of appeals nor other administrative officers of the defendant city are clothed with authority to determine such question. The views of this Court as expressed in *Long* v. *Township of Norton,* 327 Mich 627, 633, and *Long* v. *City of Highland Park,* 329 Mich 146, 149, may well be regarded as controlling with reference to the objection raised.

The order of the trial court is affirmed. Plaintiff may have costs.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.