SMITH *v.* PLYMOUTH TOWNSHIP BUILDING INSPECTOR.

1. MANDAMUS—BUILDING PERMIT—TRAILER COACH PARK—STATE HEALTH COMMISSIONER'S PERMIT.
   Mandamus was a proper remedy to compel the issuance of a building permit by a township building inspector, where such permit was a prerequisite to the issuance of a statutory permit by the State health commissioner for the establishment of a trailer coach park and the building inspector had refused to issue a permit (CL 1948, § 125.754).

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus, §§ 184, 188.
[2] 39 Am Jur, Nuisances § 115.
[2] Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels. 115 ALR 1398; 22 ALR2d 774, 801.
   Tourist or trailer camp, motor court or motel, as nuisance. 24 ALR2d 572.
[3] 37 Am Jur, Municipal Corporations § 309; 58 Am Jur, Zoning § 63.
[5] 9 Am Jur, Buildings § 7.
[6] 58 Am Jur, Zoning § 147.
[6] Construction and application of provisions for variations in application of zoning regulations and special exceptions thereto. 168 ALR 13, 84.

2. TOWNSHIPS—TRAILER COACH PARKS—PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE.

A township ordinance prohibiting trailer coach parks is unconstitutional, where it bears no real and substantial relationship to the promotion of public health, safety, morals or general welfare, since such parks are not, as a matter of law, nuisances *per se* nor detrimental to public health, safety, morals or general welfare, and are permitted by statute (CL 1948 and CLS 1954, § 125.751 *et seq.*).

3. SAME—ZONING—PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE.

Lawful uses of land may be prohibited in certain areas of a township by zoning or building ordinances if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare.

4. SAME — ZONING ORDINANCE — PRESUMPTION — EVIDENCE — PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE...

A township zoning ordinance will be presumed to be valid in the absence of proof on the subject of whether or not it bears a real and substantial relationship to public health, safety, morals or the general welfare, but when the contrary is shown by competent evidence or appears from the face of the enactment, the presumption is no longer indulged.

5. SAME—BUILDING PERMIT—TRAILER COACH PARKS.

A township building permit should have been granted to applicant desiring to establish a trailer coach park, where such a park is permitted by statute, such a permit is a prerequisite to obtaining a permit from the State health commissioner and site involved is open country in an area in which there is no existing construction, is a half mile from a railroad, and there is no residential or industrial development in the district in which the site is located nor in the surrounding districts (CL 1948 and CLS 1954, § 125.751 *et seq.*).

6. SAME—ZONING—BOARD OF APPEALS—TOWNSHIP BOARD—CONSTITUTIONAL LAW—STATUTES—ORDINANCES.

Provision of township zoning ordinance empowering the township board to make exceptions to prohibition of trailer coach parks is unconstitutional, since the rural township zoning act provides for a township board of appeals, consisting of the chairman of the township zoning board, a member of the township board and a third member selected by those 2 members from among the electors residing in the unincorporated area of the township, and does not delegate power to

vary the zoning ordinance in specific instances to the township board (CL 1948 and CLS 1954, § 125.271 et seq.).

Appeal from Wayne; McCree (Wade H., Jr.), J. Submitted April 10, 1956.   (Calendar No. 46,712.) Decided June 4, 1956.

Mandamus by Clyde E. Smith and Beryl H. Smith against the building inspector for the Township of Plymouth to test zoning ordinance and to compel issuance of building permit for facilities of a trailer park.   Judgment for plaintiffs.   Defendant appeals. Affirmed.

*Dale D. Libby*, for plaintiffs.

*Earl J. Demel*, for defendant.

Kelly, J.   A writ of mandamus compelling the building inspector for the township of Plymouth to issue a building permit for the construction of buildings and other facilities to be utilized in the operation of a trailer coach park was granted to plaintiffs and appellees in the lower court.   Defendant appeals.

Three questions are presented in this appeal, namely: (1) Did plaintiffs pursue a proper remedy in the form of a petition for writ of mandamus; (2) Is the zoning ordinance of the township of Plymouth a reasonable and justifiable exercise of the police power for the protection of the health, safety and morals of its inhabitants; and (3) Did the zoning ordinance comply with statutory requirements?

Question 1: *Did plaintiffs pursue a proper remedy in the form of a petition for writ of mandamus?*

It is appellant's contention that plaintiffs were not entitled to mandamus because they did not file an application for permit to construct a trailer coach

park with the State health commissioner under the provisions of CL 1948, § 125.754 (Stat Ann 1955 Cum Supp § 5.278[4]). The record discloses that plaintiffs endeavored to file such an application with the State health commissioner but were informed that before an application could be filed they would have to have the signature of the Plymouth township clerk on the application; that they unsuccessfully endeavored to secure the signature of the township clerk. This precludes the township from raising the objection that plaintiffs were not entitled to mandamus because they had failed to file an application with the State health commissioner. The lower court on this point properly stated:

"The defendant urges that a writ should not issue because a permit had not first been obtained from the State. Issuance of a building permit by the building inspector does not excuse compliance by petitioners with the statute, and petitioners are still required before construction can begin to obtain the necessary permit from the State health commissioner."

Question 2: *Is the zoning ordinance of the township of Plymouth a reasonable and justifiable exercise of the police power for the protection of the health, safety and morals of its inhabitants?*

The trial court's summation of the evidence in regard to Plymouth township and the proposed trailer park is very clearly and concisely stated, is supported by the record, and is as follows:

"Plymouth township has experienced the smallest population gain in recent years of all townships in the metropolitan Detroit area, and the only existing construction in western Plymouth township consists of farms, barns and garage houses, and a small number of custom-built country homes. Zoning district 19, in which petitioners' land is located, is situated in the northwest corner of Plymouth township and

is an area approximately 2 miles wide and slightly
more than 2 miles long, and contains no existing
construction. The proposed trailer camp site is on
the westerly side of Ridge road, an unpaved way,
and is approximately a half mile south of the Chesa-
peake & Ohio railroad track. The testimony estab-
lishes that in district 30, a district only slightly
smaller and immediately to the south of district 19,
there is only 1 house. In district 29, a slightly
smaller district to the southeast, there is a small
subdivision approximately 2 miles southeast from
the proposed site. There is no showing that district
20 is of a substantially different character. The
Detroit House of Correction is immediately to the
north of the proposed project site. Aerial photo-
graphs taken of the proposed site November 30,
1954, which are exhibits in the case, reveal open,
undeveloped land, with only scattered farm build-
ings, except for the Detroit House of Correction, as
far as the horizon.

"The evidence establishes conclusively that the
area of the proposed site is largely agricultural and
open country, and that there is no residential or in-
dustrial development in the district itself and sur-
rounding districts."

The trial court was correct in finding that since
trailer camps are not, as a matter of law, nuisances
per se or detrimental to public health, safety,
morals or general welfare, it could not be said that
their prohibition in Plymouth township bears a real
and substantial relationship to the promotion of pub-
lic health, safety, morals or general welfare.

A case very similar to the present case was de-
cided by this Court in *Gust* v. *Township of Canton,*
342 Mich 436, 438, 439. In that case we said:

"Trailer camps may lawfully be operated in Michi-
gan under CL 1948 and CLS 1954, § 125.751 *et seq.*
(Stat Ann.1953 Cum Supp § 5.278[1] *et seq.*), which
provide for the licensing and regulation thereof.

Lawful uses of land may be prohibited in certain areas by zoning or building ordinances, if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare. *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake,* 333 Mich 389, and cases therein cited. Presumption of the existence of such relationship and, hence, of the validity of the ordinance is resorted to in the absence of proof on the subject, but not when there are proofs upon which a judicial determination thereof may be made, as when the contrary is shown by competent evidence or appears on the face of the enactment. *Roman Catholic Archbishop of Detroit* v. *Village of Orchard Lake, supra,* and cases therein cited. Here the ordinances and record disclose the exclusion of trailer camps from the entire township. From the record and opinion in the former *Gust Case** and the record here, it is evident that the present character of the township, and particularly of the area in which plaintiff's lands are situate, is largely agricultural and open country, that plaintiff's lands are not in a residential section nor near industrial plants and that there is no industrially developed area in the entire township; that the nature and extent of the development of the township, or lack of it, are such that it cannot be said that zoning plaintiff's 33 acres of land partially into a 2-family residential zone, partly into a country home classification, and partly into a general industrial zone and prohibiting trailer camps therefrom bears a real and substantial relationship to present public health, safety, morals or general welfare. It is not seriously contended that it does. To so hold would be tantamount to declaring trailer camps detrimental to the public health, safety, morals or general welfare under every condition and circumstance and on that account subject to exclusion from every area in the State by local governing bodies. That would hard-

---

* *Gust* v. *Township of Canton,* 337 Mich 137.—Reporter.

ly square with the legislative intent expressed in the above act authorizing their operation in Michigan."

The record sustains the court's findings that the building permit should have been granted.

Question 3: *Did the zoning ordinance comply with statutory requirements?*

The zoning ordinance of the township of Plymouth prohibits trailer coach parks, and then provides a special procedure whereby a township board may make exceptions. Under the ordinance the township board was the final determiner.

The rural township zoning act (CL 1948 and CLS 1954, § 125.271 *et. seq.* [Stat Ann 1949 Rev and Stat Ann 1955 Cum Supp § 5.2963(1) *et seq.*] ) provides for a township board of appeals† consisting of 3 members: The chairman of the township zoning board, a member of the township board, and a third member selected and appointed by the first 2 members from among the electors residing in the unincorporated area of the township.

The trial court correctly interpreted the above act by stating:

"The township zoning act  *  *  *  vests in a township board of appeals power to act upon all questions as they may arise in the administration of the zoning ordinance. There is no authorization in the act for a delegation of power to vary a zoning ordinance in specific instances to the township board. This provision is therefore invalid."

Judgment affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.

---

† Sec. 18 (CL 1948, § 125.288 [Stat Ann 1949 Rev § 5.2963 (18)]).—REPORTER.