## Roddick v. Lower Macungie Zoning Board

*Wallace C. Worth*, for appellant.
*Gene Smith* and *Edward Cahn*, for appellee.

KOCH, P. J., March 8, 1966.—On May 12, 1965, Ian D. Roddick, appellant herein, applied for a permit to construct a mobile home park on a seven acre tract situate in an agricultural district in Lower Macungie Township. His application was denied by the zoning officer, and thereafter his appeal from that action to the zoning board of adjustment was heard. On July 31, 1965, the board upheld the action of the zoning officer. We are now concerned with the disposition of an appeal from the board.

The record certified by the board to this court is not clear in several respects, but we are of the opinion that it is adequate to dispose of the issue before us, and no additional testimony is necessary.

The ground upon which the board based its decision was a narrow one, that the proposal to construct a mobile home park with 56 units was a prohibited use as provided in the zoning ordinance. The provision is as follows:

"Section 807. *Prohibited Uses.* No lot or parcel of land shall be used for the following purposes:

"(a) Trailer camps and courts".

All parties agree that while the application refers to "mobile homes", the proposed living facilities fall within the definition of trailers, as set forth in section 1000.*

It is also clear that section 1001 of the ordinance provides that trailers may be used for dwelling purposes: (a) in residential districts, class 2 (R2), and commercial (c) districts; (b) in a residential class 1 (R1) district. Subsection (c) provides that trailers *may* be used for dwelling purposes in agricultural (A) districts, if authorized by the board of adjustment as a special exception. Sections 1002 and 1003 prescribe

---

* Trailers: A structure, whether mounted on wheels or a permanent or temporary foundation, which is prefabricated as a single unit for dwelling purposes.

area and other regulations, the details of which are not pertinent for the disposition of this appeal.

The board, in rejecting the application, stated that "this appeal was denied as the Zoning Ordinance prohibits mobile homes or trailer parks". Thus, it is clear that the denial was on the ground of total prohibition rather than a failure to qualify as a special exception. The validity of section 807(a), supra, is the only question for our determination.

We must start with the basic principle enunciated in Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572, 575:

"A house trailer is simply a mobile house. It is as much a dwelling as any house which is built on a foundation and therefore not mobile. . . .

"To say that these were not dwelling houses is an attempt to fictionalize a reality".

See also Palumbo Appeal, 166 Pa. Superior Ct. 557.

It is clear that the ordinance totally *excludes and prohibits* the use of land in all districts where an owner undertakes to erect a number of such units constituting a "trailer park", which is defined in section 1400(16) as follows:

"A lot or premises used for the occupancy by two (2) or more trailers or any other vehicles used for living or sleeping purposes, either on a temporary or permanent basis".

A prohibition, in order to be valid, must have a reasonable relationship to public health, safety, morals or the general welfare, and the power to regulate land use does not extend to arbitrary or unreasonable intermeddling with private ownership of property, however good the motive: Medinger Appeal, 377 Pa. 217; Lord Appeal, 368 Pa. 121.

It is true that there is a presumption of constitutionality of the ordinance: DiSanto v. Zoning Board of Adjustment, 410 Pa. 331. However, here we are

confronted with a total prohibition and the absence of any evidence that section 807 (a) bears any reasonable relationship to the general health, safety, morals or general welfare of the community. In Anstine et ux. v. Zoning Board of Adjustment of York Township, 411 Pa. 33, the court held, page 37:

". . . all property is held in subordination to the right of its reasonable regulation by the government clearly necessary to preserve the health, safety, or morals (or general welfare) of the people. . . . There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety, and general welfare . . ."

In Shellhamer v. Zoning Board of Adjustment, 29 Lehigh 228; 52 Mun. L. R. 315, we declared invalid a provision of the ordinance of Upper Macungie Township which sought to prohibit the use of a trailer as a dwelling and trailer camps and courts. What we said in that case, p. 233, is applicable to the issue before us:

"The Appellee has failed to demonstrate that the total exclusion of trailers and trailer courts—and particularly exclusion in an agricultural district—is in any way related to the preservation of public health, safety, morals or general welfare and unless one or more of these factors is present the questioned portions of the Ordinance must fall. Medinger Appeal, 377 Pa. 217; Silver v. Zoning Board of Adjustment, 381 Pa. 41".

Our views in the Shellhamer case have been upheld in Uwchlan Township v. Carter, 11 Chester 304. There, the township ordinance contained the precise prohibitory language, as does the ordinance before us.

In striking down the ordinance, President Judge Gawthrop said, page 307: "We do not hold that proper regulation of trailer camps in a zoning ordinance is

invalid but only that their complete exclusion must be limited to cases where the record demonstrates that such exclusion bears a reasonable relationship to public health, safety, morals or general welfare".

We have studied carefully the brief supplied by the solicitor of the township. It emphasizes many of the problems of a rapidly growing suburban area, and we are in sympathy with the municipal authorities who are confronted by them. However, the solution to these complexities must be within constitutional limits, and a declaration that trailer camps are "unwelcome guests", to use the language of Mentzenbaum, "Law of Zoning", vol. 2, p. 1784, is not an adequate basis for enacting a section of an ordinance such as the one with which we are presently concerned.

Appellee has referred us to Vickers v. Gloucester Township, 37 N. J. 232, 181 A. 2d 129. In that decision, the majority upheld the validity of an ordinance which prohibited trailer camps throughout a township where there were no trailer camps in existence. We regard the holding of the court in that case as resting almost entirely on aesthetic grounds. We are convinced that even though aesthetic considerations may be considered in connection with questions of general welfare, as was the situation in Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62, the courts of Pennsylvania have not restricted the use of private property to the extent apparent in Vickers. Rather do we adhere to the strong dissent in Vickers, where Mr. Justice Hall said, 37 N. J. 268, ". . . it is arbitrary to permit the prohibition of mobile home parks completely in a municipality where they can be placed in appropriate districts and in which there is a need or demand for them. To hold otherwise would be to allow any method of housing to be outlawed by local whim".

In order to sustain the position of the township, it would be necessary for this court to find that trailer

camps are a nuisance per se. The record and applicable principles of law do not justify such a conclusion. We concur with the views of the Supreme Court of Michigan in Smith v. Plymouth Township Building Inspector, 346 Mich. 57, 77 N. W. 2d 332, where it was held that trailer camps are not, as a matter of law, nuisances per se or detrimental to public health, safety, morals or general welfare.

In concluding that the prohibition against trailer camps and courts is invalid is not to say that the township is without power to impose reasonable regulations concerning their operation.

Since section 1001 of the ordinance permits trailers for dwelling purposes in agricultural A districts, if authorized by the board of adjustment as a special exception, we will return the case to that body for consideration on that basis. We strongly urge that an official stenographic record be arranged at any subsequent hearings and that appropriate findings of fact be made by the board. In no way should our order be interpreted as meaning that the board of adjustment is to issue a building permit forthwith. We go no farther than holding that the prohibitory provision of the ordinance upon which the permit was denied is invalid.

The order which we enter includes a provision for the amendment of the caption of this case to conform to Lehigh County Rule 16 (c).

#### ORDER

Now, March 8, 1966, the appeal of Ian D. Roddick from the decision of the Lower Macungie Board of Adjustment is sustained and it is ordered that the said board consider the application for a building permit in accordance with the within opinion.

It is further ordered that the caption of the within case be amended to read as follows: "Ian D. Roddick v. Lower Macungie Zoning Board of Adjustment".