COURTLAND TOWNSHIP v COLE

1. Zoning—Mobile Homes—Trailer Coaches—Detachment of Wheels—Ordinances.

Present mobility is not necessary for a structure or vehicle to be within an ordinance's definition of "trailer coach"; therefore, a mobile home that no longer has wheels attached and has been placed upon a foundation may still be considered a trailer coach for purposes of a township zoning ordinance.

2. Zoning—Constitutionality of Ordinance—Burden of Proof—Reasonableness.

A defendant attacking the constitutionality of a zoning ordinance limiting the placement of trailers to designated trailer parks must bear the burden of proof of his charge; it is up to him to present sufficient proofs to the court showing that the township by its action violated one of his constitutional rights and thus acted unreasonably.

Appeal from Kent, John H. Vander Wal, J. Submitted October 8, 1975, at Grand Rapids. (Docket No. 21928.) Decided January 7, 1976. Leave to appeal applied for.

Complaint by Courtland Township against William A. Cole, Sr., and Sparta State Bank, to enjoin the use of a mobile home on a tract of land in the plaintiff township. Judgment for defendants. Plaintiff appeals. Reversed.

*Rhoades, McKee & Boer* (by *Arthur C. Spalding*), for plaintiff.

*Gillard & Gillard,* for defendant Cole.

Reference for Points in Headnotes
[1, 2] 54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 7, 13, 14.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and G. R. DENEWETH,* JJ.

G. R. DENEWETH, J. Plaintiff sought to enjoin defendant Cole's use of a mobile home on a tract of land he owns in plaintiff township. The Kent County Circuit Court, after issuing a temporary injunction, held a nonjury trial on September 6, 1974, to determine if defendant's mobile home violated the township zoning ordinance. Finding no violation of either the zoning ordinance or the township building ordinance, the circuit court denied the relief sought and dissolved the temporary injunction. Plaintiff appeals as of right. Defendant Sparta State Bank, holder of a security interest in the mobile home, has shown no interest in this controversy.

Defendant Cole sought and received a building permit in March of 1974 to construct a 60 × 28-foot house. The basement defendant constructed, however, was approximately 50 feet × 12 feet. Defendant removed the axles and undercarriage of a mobile home and placed it on the basement. At trial he stated his intention to add another room to the structure.

Plaintiff claims that the township zoning ordinance prohibits this type of dwelling on defendant's land, which is zoned agricultural and residential (A-R-1). The ordinance only allows a "trailer coach" in designated trailer coach parks, which must be located in areas zoned commercial (C-1). Thus, plaintiff contends, defendant is prohibited from placing a mobile home as a dwelling on his property.

The trial court thought that the provisions dealing with trailer coaches were inapplicable. It con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sidered defendant's dwelling a "detached one-family dwelling", an authorized use in A-R-1 zones.

The trial court ruled that defendant's mobile home, placed upon a basement foundation with its wheels removed, was no longer a "trailer coach". Support for this ruling was drawn from an opinion of the Attorney General that stated that "a mobile home without a fixed undercarriage, not being licensable under the Michigan vehicle code [MCLA 257.1; MSA 9.1801], is not entitled to treatment as a trailer coach under the provisions of the trailer coach park act [MCLA 125.1001 *et seq.;* MSA 5.278(31)]".[1]

Because it is anticipated that mobile homes may be rendered immobile, many ordinances have not restricted their definitions of mobile homes to only those vehicles or structures that possess present mobility.

"These definitions set the mobile home apart from conventional dwellings by describing it as a vehicle, but they hold the mobile home which has been permanently situated on a foundation within reach of the definition by including a vehicle which has been placed on a foundation, and which no longer has the wheels which give it character as a vehicle. This language relieves the courts of the problem encountered in some cases of determining the extent to which a trailer loses it character as a vehicle when it is placed upon an immobile foundation." 2 Anderson, American Law of Zoning, § 11.50, p 367.

The Courtland Township zoning ordinance defines "trailer coach" broadly. Section 12.11 of the ordinance states:

"Automobile trailer, trailer coach, or trailer—means

---

[1] Letter dated January 22, 1970, from Attorney General to State Tax Commission relating to the taxable status of trailer coaches.

any vehicle or structure so designed and constructed in such a manner as will permit occupancy thereof as sleeping quarters for one or more persons, or the conduct of any business or profession, occupation, or trade (or use as a selling or advertising device), and so designed that it is *or may be mounted* on wheels and used as a conveyance on streets or highways, propelled or drawn by its own or other motive power, excepting a device used exclusively upon stationary rails or tracts." (Emphasis supplied.)

Present mobility is not necessary for a structure or vehicle to be within the ordinance's definition of "trailer coach". A mobile home that no longer has wheels attached and has been placed upon a foundation could still be considered a trailer coach for purposes of the township zoning ordinance.

Within the context of the township rural zoning act, MCLA 125.271, *et seq.;* MSA 5.2963(1), *et seq.,* the Attorney General has determined that a mobile home does not cease to be a mobile home when its wheels and axles are removed and it is placed on a foundation. "The physical, and hence the legal, characteristics of a mobile home are distinctive and distinguish it from other residences." OAG, 1969–1970, No. 4680, pp 94–96 (October 31, 1969).

Though courts in several states have determined that vehicles or structures with a certain degree of integration with the land are no longer mobile homes, see, *e.g., Anstine v Zoning Board of Adjustment of York Township,* 411 Pa 33; 190 A2d 712 (1963), *State v Work,* 75 Wash 2d 204; 449 P2d 806 (1969), other courts have held that changes, such as removal of wheels or placement on a foundation, do not affect the essential character of mobile homes. For example, the Supreme Court of Maine has stated that "such a structure, however elaborately it may be constructed or equipped does not

lose its appearance as a mobile home by becoming fixed to the realty. * * * It is common knowledge that such a structure, however elaborately built or landscaped, is often detrimental to surrounding property". *Wright v Michaud,* 160 Me 164; 200 A2d 543, 548 (1964). In *County of Ada, Board of County Commissioners v Walter,* 96 Idaho 630; 533 P2d 1199 (1975), the Idaho Supreme Court considered an ordinance which, like the Courtland Township zoning ordinance, defined a mobile home as a structure "so designed that it is or may be mounted on wheels and used as a conveyance". The court was unimpressed by the fact that the wheels had been removed from a mobile home and it had been placed on a foundation. It was still a mobile home and its use violated the ordinance. For similar views, see *Bogart v Woodburn,* 40 App Div 2d 888; 337 NYS2d 135 (1972), *City of Asheboro v Auman,* 214 SE2d 621 (NC App, 1975), *Town of Manchester v Phillips,* 343 Mass 591; 180 NE2d 333 (1962).

We hold that defendant's mobile home remained a "trailer coach" as that term is defined by the zoning ordinance. The trial court erred in ruling that its placement on defendant's land was not prohibited by the ordinance.

Finding that defendant's attempted use of his land is prohibited by the zoning ordinance, we must determine whether the ordinance itself is valid.

There is statutory authority, in the township rural zoning act, for ordinances to restrict mobile homes to certain areas.

"[P]rovisions may also be adopted designating or limiting the location, the height, number of stories and the size of dwellings, buildings and structures that may hereafter be erected or altered, including tents and trailer coaches, and the specific uses for which dwell-

ings, buildings and structures including tents and trailer coaches may hereafter be erected or altered." MCLA 125.271; MSA 5.2963(1).

In *Wyoming Township v Herweyer,* 321 Mich 611; 33 NW2d 93 (1948), the Supreme Court approved an ordinance limiting trailers to designated trailer parks. The Court did not find the ordinance arbitrary, capricious, unreasonable or discriminatory, and it pointed out the statutory authority for this kind of ordinance in the township rural zoning act.

In other states, challenges to ordinances restricting mobile homes to certain areas have usually been unsuccessful. See *People of Village of Cahokia v Wright,* 57 Ill 2d 166; 311 NE2d 153 (1974), *Mobile Home Owners Protective Ass'n v Town of Chatham,* 33 App Div 2d 78; 305 NYS2d 334 (1969), *Matthews v Fayette County,* 233 Ga 220; 210 SE2d 758 (1974), *Napierkowski v Township of Gloucester,* 29 NJ 481; 150 A2d 481 (1959), 2 Anderson, American Law of Zoning, §§ 11.52, 11.54, 1 Rathkopf, The Law of Zoning and Planning, § 17-1.

Plaintiff need not show that defendant's individual dwelling threatened the public health, safety or general welfare. In this action it is defendant's burden to establish an infirmity in the ordinance. *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), *Township of Farmington v Scott,* 374 Mich 536, 541; 132 NW2d 607 (1965). He has not done so. As have other courts, we find it reasonable for an ordinance to restrict mobile homes to certain areas.

Plaintiff township is entitled to the relief sought. The decision of the court below is reversed and the injunction against defendant's use of a mobile home on his land reinstated. No costs, a public question being involved.