ROBINSON TOWNSHIP v KNOLL

1. Municipal Corporations—Ordinances—Presumption of Validity—Constitutional Objections—Test of Reasonableness.

There is a presumption in favor of the validity of municipal ordinances and the courts may not invalidate them unless the constitutional objections thereto are supported by competent evidence or appear on the face of the ordinances; however, a municipal ordinance that is challenged as being unconstitutional must stand the test of reasonableness.

2. Zoning—Municipal Corporations—Ordinances—Constitutionally Recognized Use—Invalidity—Burden of Justification —Unlawful Discrimination—Denial of Equal Protection.

A local zoning ordinance which totally prohibits a constitutionally recognized use establishes a prima facie case of invalidity and places a heavy burden on the municipality to justify the local legislation because there is a strong taint of unlawful discrimination and a denial of equal protection as to the excluded use.

3. Zoning—Ordinances—Test of Reasonableness—Present Conditions—Future Developments.

Local zoning ordinances must be reasonable to be valid; reasonableness of an ordinance must be measured by present conditions and not in light of the development which is expected to occur in the future.

4. Zoning—Ordinances—Land Use—Police Power—Mobile Homes —Nuisance—General Welfare.

Zoning or building ordinances may prohibit lawful uses of land in certain areas if such exercise of police power bears a real and substantial relationship to public health, safety, morals, or the

References for Points in Headnotes

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 362, 363.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 381.
[3] 82 Am Jur 2d, Zoning and Planning § 15.
[4, 5] 82 Am Jur 2d, Zoning and Planning §§ 3, 103.

general welfare; the Court of Appeals does not perceive a single mobile home as a nuisance per se, or detrimental to public health, safety, morals or general welfare.

5. ZONING—ORDINANCES—TOTAL EXCLUSION—MOBILE HOMES—REASONABLENESS—SUBSTANTIAL RELATIONSHIP—GENERAL WELFARE.

A zoning ordinance which has the effect of completely excluding mobile homes from a township is unconstitutional as applied to a defendant's property where there is no evidence in the record to support the reasonableness of the ordinance and there is no proof in favor of the plaintiff township showing that total exclusion bears a real and substantial relationship to the promotion of public health, safety, morals or general welfare.

Appeal from Ottawa, James E. Townsend, J. Submitted April 7, 1976, at Grand Rapids. (Docket No. 25455.) Decided July 21, 1976. Leave to appeal applied for.

Complaint by Robinson Township against Donald and Merle Knoll, jointly and severally, seeking to enjoin the defendants from using their land contrary to the township zoning ordinances and seeking removal of the defendants' mobile home from their land. Judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Scholten & Fant* (by *James P. Piper),* for plaintiff.

*Leo W. Hoffman,* for defendants.

Before: J. H. GILLIS, P. J., and N. J. KAUFMAN and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. The plaintiff township brought the present action on July 24, 1974, seeking to enjoin the defendants from using their land contrary to the township zoning ordinances and seeking the removal of the defendants' mobile home from their land. In an opinion dated July 29,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1975, the trial court granted the plaintiff's request for injunctive relief. The defendants appeal as of right.

This case was submitted to the trial court on a stipulation of facts agreed to by the parties. It further appears from the record that the issues presented to the trial court were the result of a pretrial conference. No other issues were addressed by the trial court.

The agreed facts indicate the defendants are land contract purchasers of 80 acres of land in plaintiff township. On or about June 24, 1974, a mobile home was placed on this property. On July 10, 1974, the building inspector for the plaintiff township served the defendants with a violation notice indicating they were in violation of the township zoning ordinance.

Article VII, § 307.1 of the Robinson Township Zoning Ordinance (Mobile Homes), as amended, effective May 14, 1974, provides:

"Sec. 307.1 *Mobile Homes—Where Permitted:* Mobile homes are considered as dwelling units and are not permitted as an accessory use to a permitted principal use and are permitted only in approved mobile home parks."

Prior to the enactment of the above ordinance, the applicable section of the Robinson Township Zoning Ordinance provided:

"*307.4* No person shall * * * use or occupy or permit the use or occupancy of any trailer coach on any lot or parcel of land in any zoning district not licensed as a trailer coach park, except only as provided in this Ordinance."

Section 307.4 was enacted in 1949.

A mobile home park is defined in the amended ordinance as follows:

"Sec. 203.3 *Mobile Home Park:* A parcel of land under single ownership which has been planned and improved for the placement of mobile homes on a rental basis for non-transient use."

Although not part of the stipulation, plaintiff's counsel stated during oral argument that defendants' property is properly zoned for a mobile home park.

The facts agreed to by the parties also state that at the time the present suit was commenced no mobile home parks existed in the plaintiff township. The defendants' land is not an authorized mobile home park as required by the ordinance. A proposed mobile home park had been approved by the township, which would provide about 100 sites on some 28 acres, but no work had been commenced as of the scheduled trial date in this case.

The dispositive issue in this case, which is raised by the defendants on appeal and was addressed by the trial court, is whether the township zoning ordinance herein is unconstitutional as it applies to the defendants' use of their property for a mobile home.

*Northwood Properties Co v Royal Oak City Inspector,* 325 Mich 419, 423; 39 NW2d 25 (1949), states the general rule for an attack on the constitutionality of an ordinance:

"While the ordinance must stand the test of reasonableness, the presumption is in favor of its validity and courts may not invalidate ordinances unless the constitutional objections thereto are supported by competent evidence or appear on their face." (Citations omitted.)

However, the Supreme Court in *Kropf v Sterling Heights,* 391 Mich 139, 155; 215 NW2d 179 (1974), found the following to be "not incorrect":

" 'Thus, *total* prohibition by a local zoning ordinance of a "constitutionally"-recognized use will amount to establishment of a *prima facie* case placing a heavy burden on the municipality to justify the local legislation.' " (Emphasis added.)

The court went on to state, *supra,* at 155–156:

"On its face, an ordinance which totally excludes from a municipality a use recognized by the constitution or other laws of this state as legitimate also carries with it a strong taint of unlawful discrimination and a denial of equal protection of the law as to the excluded use."

Moreover, the validity of a zoning ordinance must be tested by present conditions. The Supreme Court in *Kropf, supra,* at 151, quoted with approval the following portion of the opinion of Judge BRONSON in *Kropf v Sterling Heights,* 41 Mich App 21, 25–26; 199 NW2d 567 (1972):

" 'The rule of law governing such problems is well settled: zoning, to be valid, must be reasonable, and its reasonableness must be measured by present conditions. The rule was expressly stated in *Gust v Township of Canton,* 342 Mich 436, 442; [70 NW2d 772] (1955):
" ' "The test of validity is not whether the prohibition may at some time in the future bear a real and substantial relationship to the public health, safety, morals or general welfare, but whether it does so now."
" 'This rule has been likewise stated in *Comer v Dearborn,* 342 Mich 471 [70 NW2d 813] (1955); *West Bloomfield Twp v Chapman,* 351 Mich 606 [88 NW2d 377] (1958); *Roll v City of Troy,* 370 Mich 94 [120 NW2d 804] (1963); and *Biske v City of Troy,* 381 Mich 611 [166

NW2d 453] (1969). In *Biske v City of Troy, supra,* the defendant municipality argued that its restrictive ordi-nance should be measured in light of the development expected to occur in the future rather than by existing circumstances by which the ordinance failed to demonstrate any relationship to public health, safety, welfare or morals. The Court, in setting forth the present conditions rule, stated:

" ' "Meanwhile the hapless property owner waits, pays taxes and hopes that either the anticipated development will come shortly or that the zoning authority will release to some extent its griphold of his property right." 381 Mich 617.

" 'While the rule is clear we cannot believe that this Court is required to close its eyes to developments or improvements within the municipality which are imminent or a factual certainty. The measure of such consideration must be the certainty or speculative nature of the "future conditions" which the municipality asserts will render its ordinance reasonable and proper. Furthermore, we must be sensitive to the harm which might befall the community in the future if the use proposed by the property owner is permitted because circumstances do not yet justify the prohibition.' "

As to the use of land for mobile homes, the court in *Smith v Plymouth Twp Building Inspector,* 346 Mich 57, 61–62; 77 NW2d 332 (1956), stated:

"The trial court was correct in finding that since trailer camps are not, as a matter of law, nuisances per se or detrimental to public health, safety, morals or general welfare, it could not be said that their prohibition in Plymouth township bears a real and substantial relationship to the promotion of public health, safety, morals or general welfare.

"A case very similar to the present case was decided by this Court in *Gust v Township of Canton,* 342 Mich 436, 438–439 [70 NW2d 772] (1955). In that case we said:

" 'Trailer camps may lawfully be operated in Michigan under CL 1948 and CLS 1954, § 125.751 *et seq.* (Stat

Ann 1953 Cum Supp § 5.278[1] *et seq.),* which provide for the licensing and regulation thereof. Lawful uses of land may be prohibited in certain areas by zoning or building ordinances, if such exercise of police power bears a real and substantial relationship to public health, safety, morals or the general welfare. *Roman Catholic Archbishop of Detroit v Village of Orchard Lake,* 333 Mich 389 [53 NW2d 308] (1952), and cases therein cited. Presumption of the existence of such relationship and, hence, of the validity of the ordinance is resorted to in the absence of proof on the subject, but not when there are proofs upon which a judicial determination thereof may be made, as when the contrary is shown by competent evidence or appears on the face of the enactment. *Roman Catholic Archbishop of Detroit v Village of Orchard Lake, supra,* and cases therein cited.' "

As a matter of law, we do not perceive a single mobile home as a nuisance per se or detrimental to public health, safety, morals or general welfare, either. In *Roman Catholic Archibishop of Detroit v Village of Orchard Lake,* 333 Mich 389, 394; 53 NW2d 308 (1952), the Supreme Court found that, as the ordinance on its face and the competent evidence before the Court showed a legitimate use had been excluded from the entire village, it was unnecessary to resort to the presumption of reasonableness and validity of the ordinance.

In the present case, under Article VII, § 307.1 of the Robinson Township Zoning Ordinance, the use of land for mobile homes is excluded from the entire township, except in "approved mobile home parks". This ordinance or its predecessor, § 307.4, has been in effect since 1949. Yet, at present no mobile home park exists in the township. A proposed mobile home park has been approved by the plaintiff township, but, as vividly illustrated by a photograph of the site attached to the stipulation in the record, no work on the proposed park has

yet begun. It appears to be a largely undeveloped, wooded parcel of land. Under the present conditions in the plaintiff township, it appears the use of land for mobile homes is neither imminent nor a factual certainty. *Kropf v Sterling Heights, supra.* Meanwhile, the defendant property owners must wait and hope the plaintiff township will release its grip on their property rights. As a matter of law, having a mobile home on their land is a legitimate use. It is neither a nuisance per se nor detrimental to public health, safety, morals or general welfare. *Smith v Plymouth Twp Building Inspector, supra.* Thus, it appears from the face of the ordinance and from the facts evident in the record that a legitimate use has been excluded from the entire township.

The trial court relied upon *Wyoming Twp v Herweyer,* 321 Mich 611; 33 NW2d 93 (1948), in finding the present ordinance constitutional. In *Wyoming Twp v Herweyer supra,* at 616, the Court upheld an ordinance similar to the one in the instant case:

"The ordinance does not 'prohibit a person from living in a trailer within the township'. Instead it regulates such occupancy by requiring the occupied trailer to be located on a site 'licensed for that purpose', with provision for obtaining a permit to park a trailer outside of a licensed parking site not to exceed three weeks."

However, the facts in *Wyoming Twp v Herweyer* specifically indicated that there was space available in trailer camps in the township. Further, the township board had not tried to enforce the ordinance previously because adequate accommodations had not been available at trailer parks in the township. As the present case involves a total

exclusion with no space available and no existing mobile home parks, we find *Wyoming Twp v Herweyer* is not controlling, and it is therefore unnecessary to decide whether it should still be deemed controlling, having in mind the changes which have taken place in mobile homes since 1948 and the evils sought to be remedied by the post-World War II zoning legislation.

Where there is such total exclusion of a legitimate use by the township, the burden is on the plaintiff to justify the ordinance. *Kropf v Sterling Heights* and *Roman Catholic Archbishop of Detroit v Village of Orchard Lake, supra.* There is no evidence in the record to support the reasonableness of the ordinance. There is no proof in favor of the plaintiff township showing that total exclusion bears "a real and substantial relationship to the promotion of public health, safety, morals or general welfare". See the *Smith* case, *supra.*

This result is reinforced by the fact that the subject property is properly zoned for a mobile home park; if the existence of such a park on that site poses no threat to "public health, safety, morals or general welfare", it is difficult to perceive how the existence of one mobile home could do so. The ordinance is internally inconsistent on its face in this respect, and might well be found unreasonable for this reason alone even if the burden of so proving were on the defendants. This feature distinguishes *Courtland Twp v Cole,* 66 Mich App 474; 239 NW2d 630 (1976); further, the "total exclusion" concept was not raised and was presumably not applicable in that case.

Therefore, we hold the zoning ordinance in question to be unconstitutional as applied to defendants' property.

Reversed and remanded for entry of judgment in favor of defendants. Costs in both courts to defendants.