CLARK *v.* LYON TOWNSHIP CLERK.

1. TOWNSHIPS—ZONING ORDINANCE—HOUSE-TRAILER CAMP—BUILD-ING PERMIT.

Township zoning ordinance whereby all land in township except strips of land lying on either side of highways entering 2 communities within the township, was classified as restricted to "farming, agricultural, and/or residential purposes and uses incidental thereto" *held,* invalid as to plaintiffs' 80-acre tract some 2 miles distant from the nearest populated area, in the absence of any showing of a fact or circumstance adversely affecting the public health, safety, morals, or general welfare; hence, the township clerk was under a clear legal duty to issue building permit for house-trailer camp (CL 1948, § 125.755; Lyon Township Zoning Ordinance, § 4).

2. COSTS — BUILDING PERMIT — HOUSE-TRAILER CAMP — TOWNSHIP CLERK.

No costs are allowed in mandamus proceeding to compel a township clerk to issue a building permit to plaintiffs for

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 18, 26, 27.
[2] 35 Am Jur, Mandamus § 393.

the erection of a house-trailer camp upon their 80-acre tract of land (CL 1948, § 125.755; Lyon Township Zoning Ordinance, § 4).

Appeal from Oakland; Holland (H. Russel), J. Submitted February 26, 1957. (Calendar No. 46,904.) Decided April 22, 1957.

Mandamus by Paul Clark and Irene Clark against F. Lyman Joslin, clerk of the Township of Lyon, to compel issuance of building permit for construction of facilities incident to proposed trailer-coach park. Writ granted. Defendant reviews by certiorari. Affirmed.

*Dale D. Libby,* for plaintiffs.

*Clarence L. Smith,* for defendant.

Plaintiffs, owners of an 80-acre tract of farm land situated in section 33 of Oakland county's Lyon township, petitioned the circuit court for a writ of mandamus to compel issuance, by the defendant Lyon township clerk, of a building permit for construction of certain buildings and facilities incident to planned establishment by plaintiffs, on their said lands, of a statutory house-trailer camp. The permit was sought in accordance with requirement of section 4 of the presently mentioned township zoning ordinance, and the purpose of its issuance is fitted by plaintiffs' petition to section 5 of the act pertaining to house-trailer camps (CL 1948, § 125.755 [Stat Ann 1955 Cum Supp § 5.278(5)]).* According

---

* Said act provides that the required statutory permit for establishment and operation of "a trailer-coach park" must be obtained from the State health commissioner. Section 5 of the act reads, in part: "Such a permit does not relieve the applicant from securing building permits in municipalities having a building code; or from complying with any other municipal ordinance or ordinances, applicable thereto, not in conflict with this statute."

to plaintiffs' said petition, the State health commissioner will not consider an application for permit under said section 5 until compliance with applicable municipal ordinances is shown.

The defendant clerk, by answer, advances Lyon township's zoning ordinance, enacted by authority of PA 1943, No 184, as amended (CL 1948 and CLS 1954, § 125.271 *et seq.* [Stat Ann 1949 Rev and Stat Ann 1953 Cum Supp § 5.2963(1) *et seq.*]), and insists that such ordinance lawfully restricts permitted use of plaintiffs' lands to "farming, agricultural, and/or residential purposes and uses incidental thereto." That the issue so framed be brought to clear focus, counsel stipulated before the trial judge that "the operation of a house-trailer camp does not fall within the classification of farming or agriculture."

The ordinance divides Lyon township into 2 zoning districts. The first district consists of identified strips of land lying on either side of highways entering New Hudson and South Lyon.* The second district consists of the entire remainder of the township. Land-use of the second district is devoted largely if not entirely to agricultural pursuits. The result is that the ordinance—if valid in present application—operates to outlaw house-trailer camps in most of the 36 sections of the township.

By means of a comprehensive stipulation of facts and related photographic exhibits it was shown that plaintiffs' farm is a north-south "eighty" extending north from the county line road between Oakland and Washtenaw counties; that it lies in the southwesternmost portion of Oakland county and is at least 2 miles from the nearest populated area (South

---

* New Hudson is unincorporated. South Lyon is a fifth-class city.

Lyon); that the main line of the Chesapeake & Ohio Railroad—Detroit to Grand Rapids—extends diagonally across the north forty thereof, and that the entire vicinity, including nearby portions of Washtenaw county, is of agrarian nature.

Trial of the issue, as framed, resulted in issuance of the writ. The defendant clerk, on leave granted June 12, 1956, reviews by certiorari.

BLACK, J. *(after stating the facts)*. This case is controlled by *Gust* v. *Township of Canton*, 342 Mich 436. Here, as in *Gust*, it is evident from the present nature and characteristics of Lyon township and particularly the area of farm land surrounding plaintiffs' tract that the defensively pleaded ordinance does not validly restrict use of said tract to "farming, agricultural, and/or residential purposes." The facts to which we have alluded overcome the presumption of validity of presently attempted ordinance-application and we are referred to no fact or circumstance on which it may be said that public health, safety, morals, or general welfare in the mentioned area will be affected, adversely or otherwise, by installation under statutory permit of that which is authorized in terms by the act of 1939, as amended (CL 1948 and CLS 1954, § 125.751 *et seq.* [Stat Ann 1953 Cum Supp § 5.278(1) *et seq.*]). Plaintiffs accordingly have established clear legal duty of the defendant clerk to issue the building permit they seek.

The trial judge analyzed the stipulated facts and various exhibits with care and reflective thought. His opinion, consisting of 13 printed pages, needs no review as against defendant's assignments of error, since we are in full agreement with the essence thereof—that lawful use of plaintiffs' farm cannot be "fixed or 'pegged' purely on the basis of its past use."

The writ was properly issued. Affirmed. No costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.