Edna A. Bawden, Appellant, v. Faber Furlong et al., Appellees.

## Gen. No. 11,057.

Second District, Second Division.
January 27, 1958.
Rehearing denied March 6, 1958.
Released for publication March 6, 1958.

175

James L. Coburn, of Elizabeth, and John Benedek and Norman Crawford, both of Chicago, for appellant.

Nack & Nack, of Galena, and Albin B. Spunar, of Chicago (Louis A. Nack, and James W. Richardson, of counsel) for appellees.

PRESIDING JUSTICE CROW delivered the opinion of the court.

On February 7, 1954 James E. Furlong died testate. His heirs were his nephews, Faber Furlong and Earl Furlong, his niece, Vivian Furlong Leglar, and a grandnephew and grandniece, Francis H. Furlong and Mary Theresa Furlong Roberts, the children of John Furlong, a nephew who had predeceased the testator.

The Will of James E. Furlong, deceased, was admitted to probate in the County Court of Jo Daviess county and the testator's nominee, Edna A. Bawden, his bookkeeper and principal business assistant for many years, qualified and was appointed executrix on February 16, 1954.

The estate included commercial and residential real property, several farm properties and an undertaking and furniture business which he had conducted for many years. By his will, Edna A. Bawden was left the commercial real estate housing the combined furniture store and funeral home, part of the residential real estate, certain personal property, a sum of money for masses, and the undertaking business. The decedent left to his niece, Vivian Furlong Leglar, the balance of the residential property, certain personalty, a cash legacy, and some of the farm lands. He devised to his nephews, Faber and Earl Furlong the rest of the farm lands. The Will bequeathed to John Furlong, the nephew who predeceased the testator, a cash legacy. The residuary estate, the principal asset thereof being the stock of furniture, was given to the niece,

176

Vivian Furlong Leglar, and to the nephews, Faber, Earl and John Furlong to be divided among them in equal proportions, share and share alike (John Furlong being the nephew who predeceased the testator).

The instant case arises from an appeal to the Circuit Court by Edna A. Bawden, Executrix, from an order of the County Court, sitting in Probate, which sustained certain objections by the residuary legatees to the final account of the executrix, surcharged her for certain items of disbursement totalling $7,343.85, and otherwise approved the final account as amended. Of the surcharges of $7,343.85 made against the executrix, $6,436.77 related to disbursements made as a result of the furniture stock ($5,226.77 being for wages to the executrix and others as employees of the furniture store, $1,100 and $110, respectively, being surcharges for rents paid Edna A. Bawden), the sum of $805 was an attorney's fee in connection with a petition to remove the executrix and in connection with settlement of her and another attorney's fees, and the balance of $102.08 were eight miscellaneous items of disbursements to parties for whom no claims were filed or proved up. An appeal was also taken by the residuary legatees who contended the final account should have been surcharged for a larger amount. The two appeals were consolidated in the Circuit Court and heard together. From a judgment of the Circuit Court surcharging the final account in the identical amounts as did the County Court, and otherwise approving it, the executrix has appealed as to the parts thereof which order her to reimburse the estate $7,343.85 and to pay the costs, and the residuary legatees have cross-appealed as to the parts thereof overruling their objections to a claimed loss of $11,424.17 sustained by reason of the claimed illegal operation of the decedent's furniture business by the executrix, overruling their objections to a claimed loss of $13,704.25 sustained by

177

the executrix' alleged failure to accept an offer of one Don Klavohn for the furniture merchandise, and overruling their objections to executrix' fees, attorney fees and expenses, and $2,500 paid Edna A. Bawden for masses.

Concurrently with the entry of the order surcharging the executrix, the court below entered another order overruling her motion to dismiss two of the five objectors to the final account. These two were Francis H. Furlong and Mary Theresa Furlong Roberts, the children of John Furlong, the nephew who had predeceased the testator. The executrix appellant's notice of appeal purports to appeal from that order also.

On appeal the executrix contends that: the Circuit Court erred in denying her motion to dismiss Francis H. Furlong and Mary Theresa Furlong Roberts; she was, first, erroneously surcharged for disbursements made pursuant to an agreement with the residuary legatees as to the method to be used to liquidate the stock of furniture; secondly, she was further erroneously surcharged for disbursements which were either debts of the decedent or ordinary and proper expenses of administration; and lastly, none of the surcharges were supported by the facts as established at the trial de novo in the Circuit Court.

It is the appellee's and cross-appellants' position that the trial court applied the law correctly at the time in overruling appellant's motion to dismiss Francis H. Furlong and Mary Theresa Furlong Roberts from the case, but that a subsequent Supreme Court case overruled the authority upon which the trial court had acted. They insist the Circuit Court ruled correctly as to the surcharge of $7,343.85. Their cross appeal is based upon several additional allegations. In addition to the amount surcharged the executrix, the appellees and cross-appellants in their brief claim ad-

178

ditional improper disbursements and losses due to the conduct of the executrix, totalling $106,181.69.

There is no contention the executrix has failed to list in the account all receipts actually received, or that she did not actually make all the disbursements listed. The questions arise over the propriety of certain disbursements and over certain alleged losses the objectors assert were due to the executrix.

The record clearly shows that shortly after the executrix commenced her administration of the estate a substantial difference of opinion arose as to the conduct of the affairs. Petitions, citations, and hearings followed petitions, citations, and hearings, culminating eventually in a petition to remove the executrix. Thereafter the executrix tendered her resignation. An administrator de bonis non with the will annexed was appointed, and the executrix was directed to file an itemized accounting of her receipts and expenditures from the date of her appointment to June 24, 1955.

On July 1, 1955 the executrix filed her final report. Objections thereto were made by Faber Furlong, Earl Furlong, Vivian Furlong Leglar, Francis H. Furlong and Mary Theresa Furlong Roberts as residuary legatees and devisees. Later, on December 16, 1955, the executrix filed an amendment to her final report, wherein she took credit for certain other items of expenditure. On February 21, 1956 the cause came on for hearing before the County Court on the final account, as amended, which court approved the final account and amendments thereto with the exception of the items totalling $7,343.85 which amount the executrix was ordered to reimburse the estate.

On appeal, the case was heard de novo by the Circuit Court. In that court the executrix filed a motion to dismiss Francis H. Furlong and his sister, Mary Theresa Furlong Roberts, children of John Furlong,

the nephew who predeceased the decedent. It was the sense of the motion to dismiss that under the circumstances those two objectors had no interest in the estate so as to be aggrieved persons qualified to appeal under Section 330 of the Probate Act (1955 Ill. Rev. Stats., Chap. 3, Par. 484).

Concurrently with the entry of the order surcharging the executrix with the same amount as did the County Court, the Circuit Court entered, as we have said, another order overruling the executrix' motion to dismiss those two objectors.

Prior to the 1955 amendment to Section 49 of the Probate Act (Ill. Rev. Stats., 1955, Chap. 3, Par. 200) it might have been said that a lapsed residuary legacy becomes intestate property. Under that view Francis H. Furlong and his sister Mary would have had an interest in the estate as heirs which would be affected by the surcharges of the final account, and would have had an interest so as to be aggrieved persons qualified to appeal. The 1955 amendment eliminated the possibility of such intestacy by providing that a lapsed residuary gift passes to the remaining residuary legatees or devisees. The testator here, however, died in 1954. The trial court was apparently pursuaded that the point raised by the motion to dismiss was governed by such cases as Dorsey v. Dodson (1903) 203 Ill. 32; Dickinson v. Belden (1915) 268 Ill. 105; and Strohm v. McMullen (1950) 404 Ill. 453, which held that lapsed residuary legacies were intestate property, and that no consideration should be given to the legislative policy expressed in the 1955 amendment.

The correct ruling, however, is as set forth in Schroeder v. Benz (1956) 9 Ill.2d 589, decided in November, 1956, shortly after the order of the Circuit Court here. The Schroeder case involved the construction of a residuary clause substantially the same as

the one in the instant case, which appeared in the Will of a testatrix who died before the effective date of the foregoing 1955 amendment. A lower court ruling that the lapsed residuary legacy passed as intestate property was reversed and the foregoing Dorsey, Dickinson and Strohm cases were expressly overruled. In accordance with the ruling in the Schroeder case, the residuary legacy here to John Furlong which lapsed did not pass to his children but to the three other surviving residuary legatees. Francis H. Furlong and his sister, Mary Theresa Furlong Roberts, were, therefore, without interest in the estate. The executrix' motion to dismiss them should have been allowed by the Circuit Court. However, in the view we take, the fact that the Circuit Court did not dismiss Francis H. Furlong and Mary Theresa Furlong Roberts, though erroneous, is not reversible error.

█ As to the appeal of the executrix, on the merits, in our opinion the executrix has failed to establish an agreement between Faber Furlong, Earl Furlong and Vivian Furlong Leglar and herself whereby the three residuary legatees are now estopped to complain of her acts and conduct.

Prior to 1945 some of the Probate Courts in Illinois had been experiencing some difficulty with some executors and administrators who were attempting to continue to conduct a business of a decedent. As a result of various decisions, the Legislature in 1945 enacted Section 213a of the Probate Act, Chap. 3, Ill. Rev. Stats., 1955, par. 366a, which sets forth the manner and method whereby an executor may be authorized on petition to the County or Probate Court to continue to conduct the business of a decedent, except as otherwise directed by the decedent in his Will, or otherwise provided by law. Miss Bawden, the executrix here, continued to operate the furniture business of the dece-

dent for the first month after her appointment, and continued thereafter to so act without any petition to or order or authority of the County Court so to do for several months. It was not until October 21, 1954, more than eight months after her appointment as executrix, and not until a petition to remove her as executrix was filed by the objectors, that she did finally petition the County Court for authority to operate the furniture business. The County Court, however, did not act on this petition and no order so authorizing her was ever entered.

The Will of Mr. Furlong did not confer the right or power upon the executrix to continue to operate or conduct decedent's furniture business. The testimony shows that the day before her appointment Miss Bawden and her attorney met with Faber Furlong, Earl Furlong and Vivian Furlong Leglar to discuss disposition of the furniture stock. Considering what transpired at that meeting, together with the subsequent conduct of the parties, it cannot be said that the declarations, statements or conduct of the objectors was such that Miss Bawden was influenced to act as she did by them, or that she was misled by them to her prejudice. $5,226.77 of the surcharge was for wages to the executrix and others as employees of the furniture store, incurred and paid by the executrix in so continuing to conduct that business of the decedent.

■ This brings us to the contention of the executrix that she was erroneously surcharged for certain disbursements which were either debts of the decedent or ordinary or proper expenses of administration. It was stipulated that the commercial real estate wherein the furniture store was housed was part of the real estate devised to the executrix. Her final account shows a disbursement to herself of $2,450 for rent of

the store and warehouse for a year, the last of the furniture having been sold in February, 1955. Against this item she has been surcharged for $1,100, thus allowing her $1,350 as rent instead of $2,450. The other item of rent of $110 for which the executrix was surcharged resulted from a credit that she took in that amount for the use of part of some other property devised to her for a small office for the conduct of estate affairs after the furniture stock had been sold. It is, of course, well settled, as urged by the executrix, that the heirs or devisee of one who dies possessed of real estate is entitled to all the rents from the real estate accruing after the death. The premises in question were not, however, rented by the testator prior to his death, and there was hence no pre-existing established rental basis. The testimony adduced here tended to establish a reasonable rental within the range allowed by the court. The surcharge for what was disbursed as rent above the reasonable rental was, therefore, proper. Nor would it serve a useful purpose to discuss in detail the claim of the executrix that she should be allowed credit on her account for the $805 as reasonable compensation paid to an attorney for his services in connection with the petition to remove the executrix and in connection with settlement of her and another attorney's fees, and for credit for the $102.08 of certain other minor miscellaneous items of disbursement. Under the facts and circumstances of this case, we believe them likewise correctly surcharged to the executrix.

As to the appellees' cross appeal, after carefully examining each item of additional asserted surcharge which the objectors, appellees-cross appellants, have urged, and which are properly before us on their cross appeal, we have come to the same conclusion as did the

County Court and Circuit Court, namely, that they should not be surcharged against the executrix.

■ The appellees'-cross appellants' notice of cross appeal indicates they cross appeal only from those parts of the order which overruled their objections to the claimed loss of $11,424.17 by reason of the claimed illegal operation of the business of the decedent, and which overruled their objection to the claimed loss of $13,704.25 by reason of the executrix' failure to accept an offer of Don Klavohn for the furniture merchandise, and which overruled their objections to the allowance of the executrix' fees, the attorneys' fees and expenses, and the $2,500 payment to the executrix for masses. The only matters properly before us on their cross appeal are, at the most, those referred to in the notice of cross appeal, assuming such matters were properly objected to in the Courts below and were not otherwise disposed of. No objection was made in the Courts below to the executrix' fees, and, in fact, the same had previously been allowed pursuant to a prior order from which no appeal was taken to the Circuit Court. No objection was made either to the attorneys' fees and expenses except as to the $805 item we've referred to, and the other attorney's fees and expenses had previously been allowed pursuant to a prior order from which no appeal was taken to the Circuit Court. Accordingly, the contentions of the appellees-cross appellants as to the $22,611.97 of what they call illegal and improper expenditures in excess of the surcharge are not (except for the $2,500 payment included therein to the executrix for masses) properly before us on the cross appeal, because they are not referred to in the notice of cross appeal. Moreover, $5,250 included therein is the previously allowed executrix' fees to which we've referred, $5,916.67 included therein is the previously allowed attorney's fees etc. to which we've referred, and $4,782.37 included therein were items not

184

objected to by the appellees-cross appellants in the County Court or Circuit Court. And, accordingly, also, the contentions of the appellees-cross appellants as to the $58,351.31 of what they call loss incurred by reason of the failure to inventory or take any action to collect the accounts receivable are not properly before us on the cross appeal because they are not referred to in the notice of cross appeal, and because that was not objected to by the appellees-cross appellants in the County Court or Circuit Court.

An appellee who desires to prosecute a cross appeal from all or any part of an order must serve and file a notice of cross appeal; the notice of cross appeal must be substantially in the form required for an appellant's notice of appeal; the notice must specify and describe the order appealed from and if the cross appeal is from a part thereof only it must specify which part: Supreme Court Rules 33 and 35,—Ch. 110 Ill. Rev. Stats., 1955, pars. 101.33, 101.35. There seems to be no way provided for an appellee to appeal from an order other than by cross appeal: Heine v. Degen (1936) 362 Ill. 357. A notice of cross appeal is mandatory if the appellee desires to appeal, and unless given the matters sought to be reviewed are not preserved for review and decision by this Court: Apperson v. Hartford Accident & Indemnity Co. (1944) 322 Ill. App. 485; Scribner v. Village of Downers Grove (1940) 372 Ill. 614; Bryant v. Lakeside Galleries, Inc. (1949) 402 Ill. 466; Holmes v. Rolando (1943) 320 Ill. App. 475. A party may not urge here for the first time on appeal or cross appeal matters never raised in and presented to the Courts below.

This leaves as the issue of this appeal the correctness of the trial court in surcharging the executrix for the sum of $7,343.85. It is the opinion of this court that the decision of the Circuit Court of Jo Daviess county surcharging Edna A. Bawden in the amount of

185

$7,343.85 and except to that extent approving the final account as amended is correct and the order is affirmed.

Affirmed.

WRIGHT and SOLFISBURG, JJ., concur.