(No. 36753.—

MARQUETTE NATIONAL BANK *et al.,* Appellees, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

DANIEL P. WARD, State's Attorney, of Chicago, (THOMAS A. HETT, Assistant State's Attorney, of counsel,) for appellant.

ARVEY, HODES & MANTYNBAND, of Chicago, (J. HERZL SEGAL and WALTER V. LESAK, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This is a direct appeal by the defendant, the county of Cook, from a declaratory judgment order declaring a county zoning ordinance invalid as applied to the property of the plaintiffs. The order was entered by the superior court of Cook County and the trial judge has certified that the validity of a municipal ordinance is involved. The plaintiffs have exhausted all administrative remedies. No questions are raised on the pleadings.

The trial court heard the evidence and found that the Cook County zoning ordinance, as amended, which classified plaintiffs' property as R-3 (single-family residence) on

20,000 square-foot minimum area lots is discriminatory, confiscatory, unreasonable and unrelated to the public health, safety, comfort, morals and welfare as applied to the subject property. It granted to plaintiffs a variance from the R-3 (single-family residence) district. The variance included the right to subdivide, develop, improve, use and enjoy the subject property as though it were classified R-4 (single-family residence) district which allows 10,000 square-foot lots as a minimum.

The defendant contends that the decision of the trial court is contrary to the manifest weight of the evidence and that the evidence adduced by plaintiffs at the trial in no way sustains the burden placed on plaintiffs to overcome by substantial evidence, the presumptive validity of the zoning classification.

The plaintiffs contend that the zoning ordinance which restricts the subject property to a minimum of 20,000 square-foot lots inflicts injury upon the plaintiffs without benefiting the public and that the findings of the trial court should not be disturbed. Plaintiffs submit that the basic zoning character of the subject property is not being challenged, and that the narrow relief sought here is the right to build homes on 10,000 square-foot lots instead of 20,000 square-foot lots.

The property in question is located in Orland Township in Cook County, and comprises a tract of farm land containing an area of approximately 89.9 acres. It is bounded on the north by 135th Street, on the south by 139th Street, if extended, on the east by 82nd Avenue, and on the west by 86th Avenue. Plaintiffs propose to subdivide this property into 226 lots of a minimum lot area of 10,000 square feet and to improve the subdivision with paved streets, paved gutters, paved sidewalks, underground storm and sanitary sewers, underground community water system, street lights, street trees and a community sewage disposal plant. About six acres have been set aside for public pur-

poses. If this tract were subdivided under R-3 zoning it would yield approximately 135 lots, but the cost of developing would be approximately the same and the reduction in lots would result in a dimunition in value of over $150,000.

North of 135th Street, directly across the street from the subject property, there is located a subdivision zoned R-3 in which there are approximately 100 homes built on lots with a minimum area of 20,000 square feet. Directly to the west of the subject property, is an area of vacant farm land ending approximately at 90th Avenue. Beginning at 90th Avenue is the subdivision of Orland Hills, which runs westward parallel to the subject premises to 92nd Avenue. This subdivision also is zoned R-3 and the lots are 20,000 square-foot minimum in area. Immediately to the east of the subject property, there is R-3 zoned vacant farm land. Immediately to the south of the subject property, running for a distance of one-half mile, zoned R-2 (single-family residence—40,000 square feet) is vacant farm land which extends to 143rd Street. One-half mile south of the subject property, beginning at 143rd Street, is the subdivision of Maycliff which was annexed to the village of Orland Park on October 13, 1960. At the time of the trial there were approximately four homes in various stages of construction being built in this subdivision with plans for approximately 270 homes on 10,000 square-foot minimum lots. Prior to the annexation to the village of Orland Park, this subdivision area was zoned R-2 under the Cook County zoning ordinance. Approximately one mile from the subject premises, west of Maycliff subdivision, beginning at 145th Street to approximately 147th Street, if extended, is the subdivision of Fairway Estates, which was annexed to the village of Orland Park on March 25, 1960, and contains approximately 286 lots with a minimum lot area of 10,000 square feet. Prior to annexation, this area was zoned R-3 under the county zoning ordinance.

The entire area surrounding the subject property, ex-

clusive of incorporated villages, is zoned R-1, R-2 or R-3. This area contains extensive holdings of the forest preserves as well as several golf courses. Palos Township, which begins at 135th Street and extends north of the subject property, has three small isolated areas of R-4 zoning which abut and are contiguous to the incorporated villages of Palos Heights and Hickory Hills. The vast majority of Palos Township is zoned R-2 or R-3.

It appears from the physical facts disclosed by the testimony, maps and photographs introduced that although the area is zoned for open-country-estate type of developments, the uses to which the area has been put show that the trend has been toward the 10,000 square-foot lots. Each subdivision that has been annexed from the county zoned area to an incorporated village has been changed to the 10,000 square foot minimum classification. The type of housing that has been constructed on the adjoining subdivision zoned R-3 is not shown to be of the estate type or of greater value or better construction than is proposed on the subject property. The area has a highway system leading into the Clearing Industrial District, 15 minutes away. The demands of the people interested in locating in this area have directed this trend to the type of housing that may be properly constructed on 10,000 minimum square-foot lots.

This court has heretofore set forth the general principles which have been evolved to test the validity of zoning ordinances. (*Atkins* v. *County of Cook,* 18 Ill.2d 287, and the cases cited therein.) In substance, each case must necessarily be decided on its own particular facts taking into consideration the use and zoning of nearby property, the character of the neighborhood, the extent property values are diminished and the relative gain to the public as compared with the hardship imposed upon the owner. A zoning classification will be upheld if it bears a substantial relation to the public health, safety, comfort, morals and welfare. Where the question of its reasonableness as applied to a particular

parcel of property is subject to a fair difference of opinion, the legislative judgment of the zoning authority should be followed. The presumption of validity is overcome, however, when it is shown that there is no reasonable basis in public welfare requiring the restriction and the resulting loss. Where the gain to the public is small as compared to the hardship imposed upon the owner, no valid basis for the exercise of police power exists. *Liebling* v. *Village of Deerfield,* 21 Ill.2d 196.

It is not the mere loss of value alone that is significant in this case, but it is the fact that the public welfare does not require the restriction and resulting loss. When it is shown that no reasonable basis of public welfare requires the limitation or restriction and resulting loss, the ordinance fails and the presumption of validity is dissipated. *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.

The law does not require that the subject property be totally unsuitable for the purpose classified but it is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. (*La Salle National Bank* v. *County of Cook,* 12 Ill.2d 40.) In the instant case, the Cook County Board of Zoning Appeals recognized the financial injury to the plaintiffs and that the R-3 zoning in this area provided no perceptible benefit to the public.

As was noted, in each instance wherein a tract of land is annexed to a village in the area, the zoning has been changed to 10,000 square-foot minimum. The existing uses and zoning classification of nearby property adopted since the enactment of the questioned ordinance disclose a trend toward 10,000 square-foot lots and even smaller. The value of the subject property is greatly diminished by the challenged zoning restriction in that the number of lots which would be available would be reduced from 226 to 135 if the present 20,000 square-foot zoning is required. The

subject property, when subdivided, will be served by community water, sanitary and storm drain systems.

It was the conclusion of the Cook County Zoning Board of Appeals and the trial court that the subject premises could not be economically developed as a subdivision under an R-3 zoning classification and that the public welfare does not require the imposition of this restriction.

We find that the plaintiffs have sustained the burden of proving that there is no substantial gain to the public in the R-3 zoning, and that there is a real hardship imposed on the owners by such zoning.

For the foregoing reasons, the judgment of the superior court of Cook County is accordingly affirmed.

*Judgment affirmed.*