Clare J. Hoyt, J.
Plaintiff is the owner of approximately four acres of land in the Town of Newburgh, Orange County, New York. Said property abuts the south side of a State highway known as Route 52, and, according to the Zoning Ordinance of said town which became effective April 20, 1956, is located in a “business and industrial” zone (Zoning Ordinance, art. II, § 2.o).
Plaintiff acquired the subject property on July 28, 1947. The premises are improved with a three-family apartment house, one of said apartments being occupied by plaintiff, and the remainder of the property is unimproved.
This action has been brought by plaintiff for a judgment declaring that portion of subdivision (a) of section 2 of article IV of the Zoning Ordinance which prohibits the use of premises for trailer camps in a business and industrial district to be illegal and unconstitutional.
Article IV is entitled ‘1 Restrictions and Regulations ’ ’ and section 2 thereof applies to industrial and business districts and provides: “ (a) No building shall be erected, altered, arranged, designated or used and no lot, premises or structure thereon shall be used for any of the following purposes: * * * ■trailer camps * * * or any use which may be noxious or offensive by reason of the emission of odor, dust, fumes, smoke, gas, vibration or noise.”
The ordinance defines a trailer camp as “ a tract of land (a) where two or more trailers are parked, or (b) which is used or held out for the purpose of supplying to the public a parking space for two or more trailers.” A trailer is defined as “ a vehicle (a) used for living or sleeping purposes, and (b) standing on wheels or on rigid supports.” (Art. I, § 2.)
The Zoning Ordinance does allow an individual house trailer to be placed in a residential or business and industrial district by special permit of the Zoning Board of Appeals in accordance with the procedure and standards for special permits as set forth in article VIII of the ordinance (art. IV, § 1.10, and § 2, subd. [c]). A house trailer is defined as “ any portable or mobile vehicle used or designed to be used for living purposes and with its wheels, rollers or skids in place. ’ ’
*384 Article IV of the Zoning Ordinance enumerates the uses which may be made of property in the four general types of “ use ” districts which presently exist in the Town of Newburgh. Those districts are residential, designed shopping center, industrial park and business ,and industrial. As to the first three, the only uses permitted are those specified. As to the latter, any use is permitted unless specifically prohibited. The ordinance does not provide for trailer camps in the first three and specifically prohibits trailer camps in the latter. There is no provision in the ordinance to apply for a special permit for a trailer camp under any circumstances.
Thus, under the Zoning Ordinance, trailer camps are absolutely prohibited in the Town of Newburgh in any district except for those trailer camps which were in existence prior to the effective date of the ordinance. As of June 21,1963, eight such trailer camps existed in the town.
Sometime prior to April 13,1961, the exact date being unknown to the court, plaintiff applied to the zoning enforcement officer of the town for a building permit to establish a trailer camp on his premises. The permit was refused and plaintiff then applied to the Zoning Board of Appeals for a variance to permit the establishment of said trailer camp. The Zoning Board of Appeals referred the application to the Planning Board for its recommendation. The Planning Board recommended to the Zoning Board of Appeals that the variance be not granted on the grounds that it was not in the best interest of the community to establish any more trailer camps than presently existed within the town. The Zoning Board of Appeals consequently denied the application for a variance. In view of the prohibition in the ordinance, it is doubtful if the Zoning Board of Appeals could have granted the variance had it been so disposed (Matter of Pounds v. Walsh, 129 Misc. 676, affd. sub nom. Matter of Pounds v. Board of Stds. & Appeals, 223 App. Div. 861, affd. 248 N. Y. 591).
The issue thus presented is whether the town may absolutely prohibit the establishment of trailer camps within its boundaries. The court believes it may not do so.
The Town Law (§ 130, subd. 21) empowers towns to adopt rules and regulations relating to trailer camps. “ The power of regulation is not inclusive of the power of prohibition.” (Good Humor Corp. v. City of New York, 264 App. Div. 620, 624, affd. 290 N. Y. 312.) The State Comptroller has specifically held that trailer camps may not be entirely prohibited but that their operation may be regulated by town ordinance (10 Op. St. Comp., 1954, p. 354).
*385 The Zoning Ordinance prohibits, in industrial and business districts, trailer camps and other specific uses and any uses which may be noxious or offensive. Were trailer camps not included in this list of specific prohibited uses in industrial and business districts, their operation would be permitted in these districts. A trailer camp is not a nuisance per se (see, e.g., Kessler v. Smith, 104 Ohio App. 213 [1957]; Richards v. City of Pontiac, 305 Mich. 666; Pringle v. Shevnock, 309 Mich. 179) or detrimental to public health, safety, morals or general welfare so that their prohibition would bear a real and substantial relationship to the promotion of public health, safety, morals or general welfare (Smith v. Plymouth Township Bldg. Inspector, 346 Mich. 57). A trailer camp can be regulated under the authority of subdivision 21 of section 130 of the Town Law in order to prevent the establishment of a nuisance per accidens.
Accordingly, the court holds that plaintiff is entitled to a judgment declaring that the present Zoning Ordinance insofar as it absolutely prohibits any trailer camps in any part of the Town of Newburgh is void and unconstitutional. The town is directed to amend its Zoning Ordinance so as to provide for trailer camps in presently constituted use districts or in new use districts, subject to such rules and regulations as it may impose under the authority of subdivision 21 of section 130 of the Town Law.