**Pioneer Trust & Savings Bank, as Trustee Under Trust No. 12142 and Joseph N. Novelle and Lillian L. Novelle, Plaintiffs-Appellees, v. County of McHenry, a Body Politic and Corporate, Defendant-Appellant.**

Gen. No. 67–79.

Second District.

November 29, 1967.

Supplemental opinion and rehearing denied January 18, 1968.

Roy C. Palmer, Assistant Attorney General, of Chicago, and Richard R. Cross, of Woodstock, for appellant.

Jack M. Siegel, of Chicago, and Joslyn, Joslyn & Green, of Woodstock, for appellees.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Pioneer Trust & Savings Bank, as Trustee, the record titleholder of the land in question, and Joseph N. Novelle and Lillian L. Novelle, the beneficial owners, brought this action against the defendant, County of McHenry, asking that defendant's zoning ordinance, as applied to plaintiffs' property, be declared arbitrary and void; that the defendant, its officers and agents, be enjoined from enforcing the provisions of such ordinance against the property in

question; and that they be directed to issue necessary permits, licenses, etc., so that such property may be used for a mobile home park and a mobile home sales operation. The trial court entered a judgment in favor of the plaintiffs, from which the defendant has appealed.

Under defendant's zoning ordinance, there is no general zoning use classification under which land may be developed or used as a trailer park or camp as a matter of right; such use, however, is permitted as a special use.

Section 15 of the defendant's zoning ordinance relating to the special or conditional use of land provides, in part, as follows:

> "The purpose of this classification is to establish standards for those uses which, because of their unique characteristics cannot be properly classified in any particular district or districts, without consideration, in each case, of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location.

> "A. The Conditional Uses are as follows:

>> "(1) Uses publicly or municipally operated and those uses traditionally affected with a public interest.
>> "(2) Uses entirely private in character, but of such an unusual nature that their operation may give rise to unique problems with respect to their impact upon neighboring property and public facilities.
>> ". . .

> "STANDARDS: No conditional use shall be approved unless, after public hearing, and recommendation of the McHenry County Zoning Board of Appeals, as is provided, the Board of Supervisors shall find:

"(1) That there is a public necessity for the conditional use.

"(2) That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort, or general welfare.

"(3) That the conditional use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property value within the neighborhood.

"(4) That the establishment of the conditional use will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the district.

"(5) That adequate utilities, access roads, drainage, and the other necessary facilities have been or are being provided.

"(6) That adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets.

"(7) That the conditional use shall in all other respects conform to the applicable regulations of the McHenry County Zoning Ordinance for the district in which it is located.

"B. Upon a finding of the McHenry County Board of Appeals that the above conditions have been met, and upon the approval of said finding by the Board of Supervisors, in accordance with the provisions of this Ordinance, they shall cause to be issued a Conditional

261

Use Permit to the applicant, incorporating within such permit the conditions under which it is issued, including, but not limited to, restrictions upon the height and bulk of any structure so approved, the duration of the permit so approved, and other regulatory restrictions as shall be by them deemed necessary.

"C. The following uses of land or structures, or both, may be permitted within any district as herein defined, subject to the provisions as hereinabove set forth:

"...
"(18) Trailer Camps as defined in Section 1;
"(19) Trailer Sales as defined in Section 1;
"...."

The subject property, consisting of approximately 33 acres, is vacant, is zoned "I–1" Light Industrial District and was so zoned when plaintiffs purchased it. At the time of the purchase, the land was a part of a larger tract of approximately 110 acres, which plaintiffs purchased for $110,000.

The Chicago and North Western Railroad forms the northeasterly boundary of the property in question, and the Northwest Highway—a heavily traveled highway— the northwesterly boundary. It is abutted by a public highway on the west and on the west side thereof is a par-three golf course. Immediately to the east of the property is a 66-acre tract, also owned by plaintiffs, which is zoned for farming. Across the road, to the south of the land owned by plaintiffs, is a single-family residence. Directly across the highway, to the north of the property, is land zoned I–1, Light Industrial District. Beyond that, to the northeast and across the highway and railroad, is land zoned I–2 and used for a quarry. West of the proper-

ty, along the Northwest Highway, are a number of commercial establishments.

Plaintiffs filed a petition with the county Zoning Board of Appeals for a conditional use permit for a trailer camp and sales operation, as required by section 15 of the zoning ordinance. The Zoning Board of Appeals recommended that the petition be denied; the County Board of Supervisors concurred and denied the petition for the permit. Plaintiffs then filed this suit. The matter was referred to a master who found: (1), that all of the conditions imposed by section 15 of the Zoning Ordinance have or will be met with the exception that plaintiffs have failed to establish that there is a "public necessity" for the use proposed; (2), that the requirement of establishing "public necessity" is unconstitutional and effectively operates to prohibit an otherwise lawful use of land; (3), that section 15 is unconstitutional in that it is arbitrary and deprives plaintiffs of property without due process of law; and (4), that said section creates a classification which bears no substantial relation to the public welfare, and is, therefore, void generally or invalid as applied to plaintiffs' property.

The trial court overruled defendant's objections to the master's report and adopted its findings except (4), which the court adopted only to the extent that section 15 was invalid as applied to the subject property.

■ Illinois courts have recognized the special use technique, albeit not without some misgivings, as a valid zoning devise, and under such use, the defendant county had the right to prohibit certain land uses within its corporate limits except by the issuance of a special permit. Ward v. Village of Skokie, 26 Ill2d 415, 186 NE2d 529 (1962) ; Kotrich v. County of Du Page, 19 Ill2d 181, 166 NE2d 601 (1960) ; Illinois Bell Tel. Co. v. Fox, 402 Ill 617, 85 NE2d 43 (1949) ; La Salle Nat. Bank v. County of Cook, 60 Ill App2d 39, 208 NE2d 430 (1965) ; International

Harvester Co. v. Zoning Board of Appeals of City of Chicago, 43 Ill App2d 440, 193 NE2d 856 (1963) ; Rosenfeld v. Zoning Board of Appeals of Chicago, 19 Ill App2d 447, 154 NE2d 323 (1958). In Kotrich, the court specifically held that the County Zoning Enabling Act (Ill Rev Stats 1965, c 34, par 3151) permits the creation of a residual category of special uses which cannot, without distortion, be included in the customary use classifications.

Special use provisions are of relatively recent origin, but have become commonplace in modern zoning ordinances. Furry, Special Use: A New Concept in Illinois Zoning, 48 Ill BJ 488 (1960) ; Babcock, Zoning Administration in Illinois, Chi L Rev, Vol 26, No. 4, pp 509, 519 (1959). The recent and widespread utilization of this technique and its validity as a means to regulate the use of land, even when challenged under various claims of unconstitutionality, are indicated in both Kotrich v. County of Du Page, supra, 185, and La Salle Nat. Bank v. County of Cook, supra, 45, and cases cited therein.

The function of the special use classification is to provide for infrequent types of land use which are necessary and desirable, but which are potentially incompatible with the uses usually allowed in residential, commercial and industrial zones. To categorize such uses in any of the given use zones, presents a potential danger of excluding beneficial uses or including those not compatible with surrounding uses in most situations. Illinois Bell Tel. Co. v. Fox, supra. The special use technique provides a flexible approach to a narrow and difficult facet of land use control. It permits a use which otherwise might be entirely prohibited in certain zones where the adverse effect on surrounding land is not too great, and the public need for the specific use at the particular location warrants it. Lazarus v. Village of Northbrook, 31 Ill2d 146, 150, 151, 199 NE2d 797 (1964) ; Kotrich v. County of Du Page, supra, 184, 185.

■ In order to sustain the validity of the exercise of the police power in limiting land to a special use classification as a trailer camp, such limitation must be founded on a reasonable basis in the public welfare. In Suburban Ready-Mix Corp. v. Village of Wheeling, 25 Ill2d 548, 552, 185 NE2d 665 (1962), the court held that a zoning ordinance is invalid, which prohibits from all industrial use districts, the construction of a concrete mixing plant; and in Camboni's, Inc. v. Du Page County, 26 Ill2d 427, 429, 187 NE2d 212 (1962), the court specifically recognized that a trailer camp use was a proper subject for inclusion within a special use category. The rather unique nature of a trailer camp and the problems connected with such a land use are suggested in the annotation dealing with restrictions on the use of trailers for residential purposes. 96 ALR2d 232. In Special Use: A New Concept in Illinois Zoning, supra, the author, in listing those uses typically included in special use classifications due to their uniqueness, includes trailer camps. In Babcock, Zoning Administration in Illinois, supra, 521, the author points out that the special use technique, while originally confined to a few homogeneous items, has grown to include a number of "troublesome" uses such as "trailer camps. . . ."

One of the plaintiffs' own witnesses confirmed the unique and unusual nature of a trailer camp. In referring to the character of a mobile home park, he stated: "It is a peculiar classification by itself—it is neither residential nor commercial; they are conjunctive uses, they are necessary to each other. You could not classify a mobile home's (sic) park as a residential community because of the commercial aspect and the nature of a mobile home's (sic) sales yard and the display areas, nor could you classify them as all commercial because of the location of the residential uses that are there and they are more dense than others. . . . Other residential uses, and less dense than other commercial uses."

265

■ Thus, plaintiffs' witness pointed out the unique characteristics of a trailer camp, especially where, as here, trailer sales are to be connected with the trailer park. Even absent the connected sales, we believe that a trailer park is the type of use potentially incompatible with the uses ordinarily allowed in residential, commercial or industrial zones; and that it is appropriate that a trailer park be included within a special use category. Camboni's, Inc. v. Du Page County, supra.

■ It has long been established law that a zoning classification will be upheld if it bears a substantial relation to the public health, safety, comfort, morals and welfare. See: Marquette Nat. Bank v. County of Cook, 24 Ill2d 497, 501, 182 NE2d 147 (1962); La Salle Nat. Bank v. County of Cook, 12 Ill2d 40, 47, 48, 145 NE2d 65 (1957); Zweifel Mfg. Co. v. City of Peoria, 11 Ill2d 489, 494, 144 NE2d 593 (1957), and cases cited therein. This principle of law is a constitutional requisite to the validity of a special use. Camboni's, Inc. v. Du Page County, supra, 432.

■ Plaintiffs also assert that section 15 of the zoning ordinance is an unlawful delegation of legislative authority, and in support of such contention cite City of Rockford v. Hey, 366 Ill 526, 9 NE2d 317 (1937) and Welton v. Hamilton, 344 Ill 82, 176 NE 333 (1931). They seek to distinguish Kotrich by saying that in Kotrich the final decision with reference to granting a permit rests with the legislative body, the Board of Supervisors. However, section 15 of the defendant's zoning ordinance, like that in the Kotrich case, confers upon the legislative body, the Board of Supervisors, the final determination of whether a permit shall issue.

Further, defendant's zoning ordinance provides seven standards (set forth above) which must be met before a permit may be granted. Thus, the objection that there are no standards for determining when a permit shall be granted, as required by Welton, to the extent that such

266

a requirement has any vitality in cases of this nature (see: 1963, Ill Law Forum, No. 1, 116, 119; Babcock, Zoning Administration in Illinois, supra; Dallstream and Hunt, Variations, Exceptions and Special Uses, 1964 Ill Law Forum, No. 2, 213, 216–222 incl.), is not applicable in this case. The ordinance standards, which control when such a permit shall issue, are sufficiently adequate that the Board of Supervisors is required to weigh the desirability of the proposed use against its potential adverse impact.

 Plaintiffs also complain that the first standard for the issuance of a special permit requires a finding "that there is a public necessity for the conditional use." Such a finding is, in essence, the basis for the granting of any special use. A special use is one which carries with it a potential incompatibility with surrounding uses. It should be justified, if at all, by a public need for the specific use at the particular location. Kotrich v. County of Du Page, supra, 187. Section 15 of the zoning ordinance states that its purpose is to establish standards for those uses which, because of their unique character, cannot be classified as within any general district without considering, in each case, the impact on neighboring land and of the "public need for the particular use at the particular location."

 The public need is a valid and essential consideration. The word "necessity" as used in the ordinance must be read to mean "expedient" or "reasonably convenient." Illinois Bell Tel. Co. v. Fox, supra, 631. The specific ordinance requirement of a finding of public need or necessity as a prerequisite to the issuance of a special use permit is neither uncommon nor invalid. Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals of City of Chicago, 25 Ill2d 65, 182 NE2d 722 (1962); International Harvester Co. v. Zoning Board, supra; Rosenfeld v. Zoning Board of Appeals of Chicago, supra. Those cases which deal with the con-

stitutionality of a general zoning use classification as applied to a particular property are not applicable. In those cases, feasibility, or need, or public need, at best, is but one factor to consider. In determining whether a special use permit should be granted, special factors may be considered, and as indicated in the cases cited above, the finding of public need or necessity is an appropriate prerequisite.

Plaintiffs also seek to distinguish Kotrich by stating that there the court was considering a "special use" while here we are considering a "conditional use." We consider this a distinction without a difference. Contrary to plaintiff's contention, it is a difference only in name. See: Babcock, Zoning Administration in Illinois, supra, 519, 520.

Plaintiffs also assert that courts of other jurisdictions have not hesitated to strike down ordinances which in effect barred trailer camps from the jurisdiction unless a special permit was received. Among the cases cited are: Smith v. Building Inspector for Township of Plymouth, 346 Mich 57, 77 NW2d 332 (1956); Clark v. Joslin, 348 Mich 173, 82 NW2d 433 (1957); Koston v. Town of Newburgh, 45 Misc2d 382, 256 NYS2d 837 (1965). Contrary to plaintiffs' contention, none of these cases permitted a trailer park use by special permit. They absolutely prohibited trailer parks or camps within the jurisdiction. The courts held that trailer parks were not nuisances per se and could not be absolutely prohibited.

In the case at bar, we are not confronted with an ordinance absolutely prohibiting trailer parks. There is no contention that trailer parks are nuisances, per se; rather, the classification of a trailer park within a special use category suggests it is a use which may be necessary and desirable. The evidence, further, does not warrant our assuming that the practical effect of the ordinance is to

exclude trailer parks from McHenry County. See: Camboni's, Inc. v. County of Du Page, supra, 429; 96 ALR2d 232, 238.

The circuit court held that section 15 of the zoning ordinance—the special or conditional use provision—was invalid as applied to the subject property. We believe that such holding misconceives the issues presented to the court with reference to the zoning procedures under a special use provision. This is not the traditional type zoning case where the constitutionality of a general zoning use classification as applied to a particular piece of land is challenged. The underlying zoning, the "I-1" Light Industrial District classification, is not challenged. If such were the case, the typical issue would be whether the general restriction, though valid in general application, is invalid as applied to the particular parcel of land, and the normal tests for determining such issue would govern. The litigation before the trial court related to the denial of a special use permit and the issues pertaining thereto are the ones before us for decision.

 The special use ordinance in question presented to the trial court, and to this court on review, the question of whether certain uses may be precluded from any given district unless certain standards or prerequisites are first found to have been met. The role of the court in such a case is to determine, first, whether the particular use is properly within the special use classification; and, second, if so, whether the specified standards or prerequisites to the granting of a permit are reasonable. We have determined that a trailer park is properly within the special use classification. The only standard which the plaintiffs challenged was the requirement of a finding of a public necessity. We find that such a prerequisite to the granting of a permit is reasonable, and, indeed, commonplace.

The only inquiry properly remaining is whether the challenged and required standard of public necessity has

been met. Stated differently, could we properly determine, on the record before us, that the Board of Supervisors acted in an arbitrary and unreasonable manner in refusing to issue the permit? While we question whether this issue has been properly preserved for review, we note that the master and the trial judge found that the plaintiffs failed to establish the prerequisite of public necessity. The findings of the master and the trial judge in this respect are unquestionably correct.

Absent some constitutional or other objection to the ordinance not presented in the case at bar, the issuance of a permit is mandatory if each of the required standards are found to exist and are established by the evidence. Without proof on the part of the plaintiffs showing a public necessity for the special use, it would have been improper for the Board of Supervisors to issue a permit. The burden was on the plaintiffs to prove a public necessity for the special use requested; they assailed the validity of the special use provisions of the ordinance and it was likewise their burden to prove by clear and convincing evidence that it was arbitrary and unreasonable. On the facts before us, the refusal of the County Board was not arbitrary; insofar as we can determine from the record, it was proper.

We are of the opinion that the trial court erred in entering judgment for the plaintiffs. The special use provisions of the zoning ordinance are valid, and the refusal of the McHenry County Board of Supervisors to issue the special use permit, under the facts and circumstances of this case, was proper. Therefore, the judgment of the trial court is reversed.

Judgment reversed.

MORAN and ABRAHAMSON, JJ., concur.

## SUPPLEMENTAL OPINION UPON DENIAL OF PETITION FOR REHEARING.

The plaintiffs filed a petition for rehearing wherein they assert that we did not consider the underlying I–1 Light Industrial Zoning Classification as applied to their property. We did not do so for the reasons hereinafter stated.

The master in chancery, who took the proofs in the case, defined the issues of the case. He noted that pursuant to section 15 of the McHenry County Zoning Ordinance, the plaintiffs applied for a conditional use permit and that the ordinance provides that no such permit shall issue unless the Board of Supervisors shall find compliance with its seven standards listed in section 15, which are set forth in full in our opinion. In further delineating the issues, he stated:

> "The plaintiffs allege as part of their case, the full compliance with the foregoing requirements. Such allegations are traversed by the defendants.
>
> "The ultimate questions presented to the Court are:
>
> "1. Whether Section 15 of the McHenry County Zoning Ordinance is void and unenforceable because the authority to require conditional use permits has not been delegated to counties.
> "2. Whether Section 15 is unconstitutional because it purports to establish an unreasonable classification in that it discriminates against certain uses which are reasonably compatible with other uses permitted in established district, no district being provided for such uses.
> "3. Whether counties are without authority to create conditional use classification whereby

otherwise lawful uses are effectively prohibited unless the County Board of Supervisors find that there is a 'public necessity' for the proposed conditional use.

"4. Whether Section 15 is unconstitutional because of its lack of certainty and vagueness."

The final judgment order appealed from—presumably prepared by the plaintiffs—set forth the jurisdictional requirements, the ownership of the subject property, its legal description and related the pertinent facts concerning the litigating parties. It found the issues in the cause for the plaintiffs and against the defendants, and overruled the exceptions to the master's report. Thereupon, the court found and adjudged:

"a. All the conditions imposed by Section 15 of the McHenry County Zoning Ordinance under 'Standards' have or will be met by the plaintiffs with the exception that plaintiffs have failed to establish that there is a 'public necessity' for the use proposed as required in subparagraph 1.

"b. The requirement that a public necessity be established as a condition precedent to the issuance of a conditional use permit as applied to trailer camps and trailer sales is unconstitutional and constitutes an exercise of a power not delegated to the County Board of Supervisors.

"c. Section 15 purports to create a classification that bears no substantial relation to public welfare and is therefore invalid as applied to the subject property.

"7. That Section 15 of the McHenry County Building and Zoning Ordinance is unenforceable as applied to the subject property.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS follows:

"1. That Section 15 of the McHenry County Building and Zoning Ordinance is null and void as applied to the subject property. . . . ."

It was from this judgment order that the defendant appealed. The plaintiffs filed no post-trial motion seeking to broaden the terms of the order and filed no cross appeal therefrom as provided for in former Supreme Court Rule 35 and present Rule 303. (Ill Rev Stats 1965, c 110, par 101.35 (1) ; Ill Rev Stats 1967, c 110A, par 303 (b).) Had the plaintiffs, in fact, sought an adjudication relative to the validity of the underlying "I–1" Light Industrial classification—an issue not included in the primary appeal in this case—they could have sought such relief by post-trial motion and could have filed notice of cross appeal from that part of the order which failed or refused to consider such issue. A notice of cross appeal is mandatory if an appellee desires to appeal from all or any part of an order, and unless given, the matters sought to be reviewed are not preserved for such review. People ex rel. Southfield Co. v. Jarecki, 408 Ill 266, 271–276 incl., 96 NE2d 569 (1951) ; Robbins v. Campbell, 65 Ill App2d 478, 485, 486, 213 NE2d 641 (1965) ; Bawden v. Furlong, 16 Ill App2d 174, 185, 147 NE2d 889 (1958).

At page 4 of plaintiffs' brief, they designate the issues presented for review, as follows:

"1. Whether the McHenry County Zoning Ordinance as applied to the subject property is invalid insofar as it prohibits the establishment on the subject property of a mobile home park and mobile home sales *except as a conditional use.*

"2. Whether *the refusal of a 'conditional use'* for trailer park and trailer sales on the subject property was unreasonable, arbitrary and invalid.

"3. *Whether the County of McHenry has the authority to create a category of 'conditional uses,'*

including trailer parks and sales, as provided in Section 15 of the ordinance.

"4. *Whether the County of McHenry has the legal right to bar trailer parks and sales from all districts* in the County including the I–1 District except as *'conditional* uses.'" (Italics Ours.)

The case was not decided in the trial court on the issue of the validity of the I–1 zoning classification as applied to the plaintiffs' property. It is clear from the issues as defined by both the master and by the plaintiffs, and as determined by the judgment order, that the plaintiffs attacked the provisions of section 15 of the County Zoning Ordinances insofar as they prevented the use of their property for a mobile home park and mobile home sales use. In both the trial and the appeal of this case, the fact that the property was located in an I–1 zoning classification was nothing more than a fortuitous circumstance.

In McMillen v. Rydbom, 56 Ill App2d 14, 205 NE2d 813 (1965), at page 28, we pertinently stated:

"The theory, upon which a case is tried in a lower court, cannot be changed on appeal; and an issue not presented to, or considered by the trial court, cannot be raised for the first time on review. Woman's Athletic Club of Chicago v. Hulman, 31 Ill2d 449, 454, 202 NE2d 528 (1964) ; Benson v. Isaacs, 22 Ill2d 606, 610, 177 NE2d 209 (1961) ; In re Estate of Leichtenberg, 7 Ill2d 545, 548, 131 NE2d 487 (1956) ; McCook Window Co. v. Hardwood Door Corp., 52 Ill App2d 278, 285, 202 NE2d 36 (1st Dist 1964) ; People ex rel. Bourne v. Johnson, 48 Ill App2d 307, 309, 199 NE2d 68 (1st Dist 1964)."

The unique characteristics of certain uses of land which preclude its classification in any particular district or districts, give rise to the special or conditional use

techniques. When any designated land use is properly classified as a special or conditional use, such use may not be permitted except upon compliance with the applicable ordinance provisions relative thereto. Such provisions may include certain standards or conditions which must be satisfied.

In the case at bar, the issues before the trial and review courts were the validity of and the compliance with section 15 of the McHenry County Zoning Ordinances. If the plaintiffs can ignore this section, or fail to comply with its standards, and yet obtain the desired use of their land, then the special use ordinance is completely circumvented. Such result should not obtain unless section 15 of the ordinance, or some pertinent part thereof, is unconstitutional and void.

In our opinion we specifically determined the validity of section 15 of the McHenry County Zoning Ordinances, and the right thereunder to include a trailer park within a special use classification.

The County Zoning Ordinances did not provide any general zoning use classification under which land may be used as a mobile home park as a matter of right, but rather, specifically included such use within their special use classification. Therefore, the underlying I–1 zoning classification was immaterial to the determination of whether or not a mobile home park may be permitted on the plaintiffs' property. This determination rests on the validity of and the compliance with the seven conditions set forth in section 15 of the special use ordinance. The plaintiffs challenged the right of the defendant to include the first condition—a finding of a "public necessity"—in the zoning ordinance and conceded that such condition had not been met. Since we have found that such a prerequisite is proper and permissible, the plaintiffs' concession that they have not complied with this condition is fatal to their attempt to use their land for a trailer park.

Under point III of their petition for rehearing, the plaintiffs have completely misstated the court's opinion in these words:

> "This opinion marks a milestone in zoning litigation. For the first time in any reported case in Illinois a court is holding that 'public necessity' and 'public necessity' alone is a pre-condition for a private property owner to enjoy the use of his property."

Even a cursory reading of the opinion will clearly disclose the error of the plaintiffs' statement. We noted in our opinion that section 15 established a number of standards or conditions for those uses, which, because of their unique character, cannot be classified as within any general use district without considering, in each case, the impact on neighboring land, and that public necessity for the particular use at the requested location is only one of these standards or conditions. We also specifically observed that this is not the traditional type of zoning case, but rather, one dealing with a special use; that in the traditional zoning case, no one factor is determinative and the normal tests for resolving the validity of the zoning classification would govern (see: La Salle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 47, 145 NE2d 65 (1957); Sinclair Pipe Line v. Richton Park, 19 Ill2d 370, 376–380 incl., 167 NE2d 406 (1960)); and that public need in such case is, at best, but one of the factors to be considered.

For the foregoing reasons, we adhere to the opinion as originally adopted and the petition for rehearing is denied.